## MANDALLA, Appellee, v. BOARD OF LIQUOR CONTROL, Appellants.

Ohio Appeals, Second District, Franklin County.

No. 4529.   Decided March 26, 1951.

Amer, Cunningham & Schnur, Charles G. Schnur, of Counsel, Akron, for appellee.

Hon. Herbert S. Duffy, Atty. Genl., Hon. C. William O'Neill, Atty. Genl., Charles T. Kaps, Thomas R. Lloyd, Asst. Attys. Genl., Columbus, for appellants.

## OPINION

By HORNBECK, PJ.

This is an appeal from an order of the Common Pleas Court reversing an order of the Board of Liquor Control sustaining and affirming the action of the Department of Liquor Control

in "refusing (Mandalla) the appellant" (to the Board and in Common Pleas Court) "the issuance of a Class D-5 permit" and ordering the Department of Liquor Control to issue a Class D-5 permit to the appellant (Mandalla).

There are four errors assigned all of which question the validity of the order of the Common Pleas Court.

Joseph Mandalla, the appellee here, proffered an application for a D-5 permit to the Department of Liquor Control. It is stated, in all of the orders, pleadings and briefs of the parties that pursuant to Regulation No. 70 of the Board of Liquor Control the Department refused to accept this application.

Mandalla insisted upon his right to be granted a permit because in the City of Akron, where he desired to operate his business, the license of a permittee had been revoked after April 11, 1949, the effective date of Regulation No. 70.

It was urged upon the appeal to the Board of Liquor Control that such proceedings did not lie because the Department had not refused to issue a permit but had refused to accept the application for a permit. The Board ruled against this contention, entertained the appeal and affirmed the action of the Department. Mandalla then prosecuted his appeal to the Common Pleas Court with the result as heretofore set out in the order of that Court. In the Common Pleas Court it was urged that an appeal was not appropriate because the order of the Department was a failure to act and that a mandamus action seeking to require the Board to act would have been the appropriate proceeding.

The situation leading up to these proceedings arose when Mandalla filed his application for a permit in due form with the Department of Liquor Control. Its cashier, upon the authority of the Department, returned the application because of Regulation 70. This action was tantamount to a formal order of the Department. From this order Mandalla prosecuted his appeal to the Board of Liquor Control. The order of the Board upon which the appeal to the Common Pleas Court was predicated is "that the order heretofore made by the Director of the Department of Liquor Control, **refusing to accept the application for a Class D-5 permit be, and the same is, sustained and affirmed.**" (Emphasis ours.)

Regulation No. 70 and other regulations are promulgated by the Board of Liquor Control by virtue of §6064-3, 1 (a) GC. But the proposition upon which this appeal must be determined goes to the jurisdiction of the Board of Liquor Control to entertain Mandalla's appeal from the action of the Department. This question is not raised on this appeal by

the appellant although it was suggested in the oral presentation in this Court. The matter must be determined by recourse to the applicable provisions of the General Code. **Sec. 6064-3 Par. 3, GC,** defines the appellate jurisdiction of the Board. It provides:

"The board of liquor control shall have the power except as otherwise provided in this section:

\* \* \*

3. To consider, hear and determine all appeals **authorized by this act** to be taken from any decision, determination or order of the department and all complaints for the revocation of permits." (Emphasis ours.)

This provision requires us to determine what appeals applicable to the situation here are authorized by the Liquor Control Act. This is found in §6064-27 GC which provides:

"Any person deeming himself aggrieved thereby may appeal to the board of liquor control from the action of the department refusing to issue a permit."

This is the only applicable section of the Code and thus our test of jurisdiction of the Board of Liquor Control to entertain the appeal from the order of the Department is limited to the narrow question whether or not such order was a refusal to issue a permit to Mandalla. We are satisfied that the order was not a refusal to issue a permit as was contemplated by the Liquor Control Act. It is true that by the action of the Department Mandalla was precluded from the possibility of securing a permit but that is not equivalent to a formal refusal of the Department after entertaining and passing upon his application for a permit. The issue on the refusal to issue a permit was not and, of course, could not under the circumstances be determined by the Board.

Some observation is made in the record by counsel for the Department that subject only to the right of the Board to deny to Mandalla his right to file his application he would be eligible for a permit. There are so many factors involved preliminary to the granting of a permit, and especially so in the situation here presented, that it would make for inconsiderate action to order a permit to be issued when the only order under review is one denying the right to apply for a permit.

There is indeed a nice question, which we do not pass upon, whether the Board has the authority under any circumstance to make an order refusing the right of an individual to file his application for the granting of any one of the permits classified under §6064-15 GC. The power is given to the Department under §6064-8 (2) **GC:**

"To grant or refuse permits for the manufacture, distribution, transportation and sale of beer and intoxicating liquor and the sale of alcohol, as authorized or required by this act."

And §6064-16 GC which provides:

"Applications for regular permits authorized by this act may be filed with the department of liquor control at any time after this act becomes effective."

We hold that the remedy of the plaintiff-appellant here was in mandamus to compel the Department to accept his application for a permit and to act upon it and that the order made by the Department refusing him the right to file his application was not an appealable order; that there was no proper appeal perfected and, therefore, the subsequent action of the Board of Liquor Control and the Common Pleas Court on the appeal from its order were without jurisdiction and unauthorized.

Inasmuch as we may be in error in our ruling on the question which we have just discussed, we pass upon other errors assigned. All other errors may be encompassed in the claim on the appeal that Regulation is not a valid exercise of the authority of the Board of Liquor Control. Regulation 70 is as follows:

(1) "Effective on the 11th day of April, 1949, the number of C-1, C-2, D-1, D-2, D-3, D-3A, D-4 and D-5 permits which may be issued within the State of Ohio and within each political subdivision thereof is hereby limited to a figure which shall be equal to the number of permits of each above designated class respectively issued and outstanding in the State of Ohio and in each political subdivision thereof as (2) of April 11, 1949, and during the effective period of this regulation no application for such permits shall be accepted for filing and no new permits shall be issued except permits issued pursuant to the provisions of Regulation 6, and except, also, new permits issued upon the expiration of any existing permits to the same permit holder for the same location. This regulation shall not be construed so as to increase the number of permits of the above designated classes permissible under §6064-17 GC.

We have divided the Regulation into two parts. The first part is reasonable and a definite and proper exercise of the authority of the Board to limit the number of permits to be issued in accord with §6064-3, 1 (b) GC.

The general purpose of the second part of the Regulation to reduce the number of permits to be issued is commendable. No one should be heard to say that a reduction in the number of D-5 permits would unfavorably affect the public welfare.

The Regulation says that no new permits shall be issued except permits issued pursuant to Regulation 6. In the laws pertinent to the Ohio Liquor Control Act and the Ohio Board of Liquor Control, issued by the Department of Liquor Control in 1950, Regulation 6 could in no manner be given application to the subject matter of Regulation 70. In the presentation of this case it has been agreed that the purpose of this part of the Regulation is to allow, under stated conditions, transferees of permits to be granted new permits. This provision is incorporated in Regulation No. 14 of the Board.

The classifications set up in the second part of the Regulation are, in our judgment, unreasonable and therefore invalid. It attempts to fix the number of permits to be issued upon a variable basis without relation to the central purpose of the Liquor Control Act. This purpose is that the number of places authorized to handle and sell liquor shall, within statutory limitation, be governed by considerations of public health, welfare and morality. By the rule the number of permits to be issued is determined by the number of persons already qualified, resident permittees, or those who may be transferred from other places who elect to remain in the business of operating D-5 permits. Thus, if there be a hundred permits outstanding on April 11, 1949, in each of two political subdivisions, in the succeeding year the number may remain at one hundred in one and be reduced to ninety in the other, depending entirely on the action of the permittees or transferees in making applications for renewals.

The last part of the Regulation discriminates in favor of permit holders and transferees of permits. If they continue to operate the quota will be held at the maximum. If they decide to retire from business the number will be reduced. This advantages the permit holder not only by assuring his continuance of the right to operate his business, if he desires, but also affords him an advantage of possible monetary value should he elect to retire and thereby reserve the field for his former competitors in business.

The right granted by a State to a permittee to traffic in intoxicating liquors is not a property right but merely a privilege extended under the police power of the State. It is essential to any system of regulation that applicants for the privilege of engaging in the sale of intoxicating liquors be given equal and fair consideration by the authority delegated to accord them such privilege. The effect of the latter part of Regulation 70 is a discrimination against all applicants other than permit holders. To use another illustration, if

there are a hundred permit holders in a political subdivision on April 11, 1949, if the one hundred continue to operate and observe the rules of the Board they are entitled to continue and to have new permits issued to them. But, if there are ten permits revoked and ten other qualified applicants who desire to secure permits they may be given no consideration solely because they have not theretofore had permits. This basis of determination of the number of permits to be issued amounts to discrimination which, in our judgment, is not contemplated by the letter or the spirit of the Liquor Control Act.

We are in accord with the determination of the Common Pleas Court that parts of Regulation 70 are invalid.

The judgment of the Common Pleas Court ordering the Department to grant a permit to Mandalla will be reversed and the cause remanded.

WISEMAN and MILLER, JJ, concur.