STATE, DEPARTMENT OF LIQUOR CONTROL, Plaintiff-Appellant, v. SLAUGHTER, d. b. a. MANHATTAN TAP ROOM, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 4917. Decided June 3, 1953.

Hon. C. William O'Neill, Atty. Genl., Ralph N. Mahaffey, Asst. Atty. Genl., Columbus, for plaintiff-appellant.

H. David Lefkowitz, Cleveland, for defendant-appellee.

## OPINION

By THE COURT.

This is an appeal from a judgment of the Common Pleas Court reversing an order of the Board of Liquor Control which had affirmed an order of the Director of Liquor Control refusing to authorize the appellant to transfer his D-5 liquor permit from 8507 Huff Avenue, Cleveland, to 9903 Cedar Avenue, Cleveland.

The order of rejection by the Director, the subject under consideration on the appeal to the Common Pleas Court and here, is as follows:

"Under the provision of Regulation 12, Section III of the Board of Liquor Control, the department is required to consider environmental factors including the number and location of other permit premises and as a condition of issuing a permit to find that no substantial prejudice to public decency, sobriety and good order will result. In this case, the department is unable to make the required finding due to the number and location of other permit premises in the area.

"The department finds further that the local authorities having the primary responsibility for the enforcement of the Liquor Control Act and for the maintenance of law and order in the community object to the issuance of the permit. The department considers said objections reasonable and well founded."

The evidence upon which the Director and the Board acted is in the record and was not extended in the Common Pleas Court.

In an opinion of the Common Pleas Judge with which we have been favored, it appears that the reversal was based upon the conclusion,

"that the existence of a relatively large number of liquor permit premises in a concentrated area is not a legal justification, alone, for a denial of a transfer of a permit by the Liquor Department, or for the affirmance of such action by the Board of Liquor Control."

The Court relied upon language in the opinion of **Mandalla v. Board of Liquor Control, 60 Abs 345,** to the effect that,

"It is essential to any system of regulation that applicants for the privilege of engaging in the sale of intoxicating liquors be given equal and fair consideration by the authority delegated to accord them such privilege. * * *."

In that case, we held that a rule of the Board restricting the issue of permits was discriminatory but the Supreme Court held differently. However, the principle of equal and fair consideration between applicants for permits is sound. We do not have here any controversy between applicants for permits but the basis of the denial is upon an excess of liquor outlets within a certain area, a condition established, in part, by the presumed proper issuance of other permits in the vicinity of appellee's proposed place of business.

The evidence upon which the Director acted established that within four blocks of Cedar Avenue in Cleveland, two blocks either way from the premises where appellee seeks his liquor permit, there were at the time of his application twelve permit premises having outlets for the sale of intoxicating liquor. If the permit applied for were granted it would be the thirteenth permit in the above area. The classes of these permits and how distributed, a vital factor, does not appear.

It further develops that in the premises where appellee proposed to move and exercise his permit there had been in recent years 180 arrests for gambling and during the two years wherein appellee was joint owner of the premises there had been some 50 arrests for gambling and the number of convictions on the arrests were disclosed only, and if at all, by cards offered in evidence by the Board. It further appeared that the occupant of the premises when the arrests and convictions were made was evicted by appellee and his wife, joint owners of the premises and that one of the grounds for the eviction was the conduct of gambling on the premises. There was no showing of knowledge by the appellee of the conduct of gambling in his property, or that he had the right to, or did exercise any control over these gambling activities. In this situation it was not proper to consider this evidence as affecting the personal fitness of appellee to be granted a permit. **Barn Cafe and Restaurant, Inc., v. Board of Liquor Control, 63 Abs 351.** The trial judge was correct in holding that these arrests and convictions would not support a denial of a permit to appellee.

The finding of the Director does not expressly hold that the arrests of the proprietor of the premises in question were the basis of the denial of the transfer of the permit but it appears, inferentially, that this evidence was considered probative of the findings.

We find no support for the finding that "the local police authorities object to the issuance of the permit." Their testimony was restricted to the number of arrests and the reputation of the permit premises.

Although the Common Pleas Court Judge does not expressly consider or discuss Regulation 12, Section III of the Board of Liquor Control under which it acted in supporting the order refusing the transfer of the permit, it is manifest that he was of opinion that such a rule could

not be supported because it is inconsistent with the statutory law which provides for the number of permits that shall be granted by the Department. In this conclusion we cannot concur.

We have heretofore held that the Department may properly consider the location of a prospective permit premises as an environmental factor in the determination that a permit should or should not be granted. The case to which we refer is Strohm, d. b. a. Railroad Restaurant, v. Board of Liquor Control, 57 Abs 378. In this case the denial of a renewal of a permit was based solely upon the objection of certain resirents of the Village Tipp City, Miami County, Ohio, to the granting of a permit at the location where it was sought to operate the tavern. It appeared that there was no unwillingness to grant the permit because of any personal unfitness of the applicant and that it would have been granted for a location elsewhere. It appears in this case that no rule or regulation of the Board was brought to the attention of the Court. At page 381 of the opinion it is said:

"From the standpoint of law enforcement, decency and order in the community the location of a tavern may be a controlling factor in determining whether a permit shall be issued or renewed. In the case at bar the Department had a right to and did consider environmental factors in arriving at its decision. The Department found that the conduct of appellant's business in that part of the village was not only inadvisable but undesirable from the viewpoint of law enforcement and police protection. In our opinion, the factual situation presented constituted sufficient cause for rejection of the application."

In effectuating the enforcement of the Liquor Control Act the Legislature, as we say in Board of Liquor Control v. Tanner, 48 Abs 63, has by §6064-8 GC reposed in the Board of Liquor Control the power to grant or refuse permits. As long as it does so in accordance with the statute and other applicable laws its decision is final and conclusive.

The section of the Code, §6064-8 GC, restricting and limiting the number of permits to be issued in various classes and Regulation 64, June 27, 1952, implementing and applying that statute, do not attempt to define or control the immediate locality in which permittees shall operate under their permits. There is no purpose in the instant cause to deny the number of permits allowed to the City of Cleveland nor to refuse a permit to appellee upon the claim that he is not entitled to it under any quota.

We are of opinion that the rule under which the Board acted is a proper exercise of its obligation to regulate the liquor traffic with the purpose of maintaining the highest degree of public decency, sobriety and good order consistent with the traffic in intoxicating liquors.

It is suggested in the opinion of the trial judge that there may have been some discrimination against appellee because of his color. We find nothing whatever in the record, or in the finding of the Director or the Board, which suggests in the slightest degree any basis for the claim of discrimination, or that the appellee at any time made such claim.

We therefore hold that the Common Pleas judge on appeal erred in holding that there was no support, as a matter of law, for the action of

**112**

the Board in affirming the rejection of the transfer of appellee's permit and that the finding of the Board could be supported upon the evidence as to the location of the permit premises in the light of the facts appearing. However, as we found in the case of **Eastern Ohio Distributing Co. v. Board of Liquor Control et al, 59 Abs 188,** the Director in making his order and the Board in support thereof, improperly considered evidence. The testimony improperly received and the subject matter of the last paragraph of the finding of the Director which is unsupported by the evidence, no doubt weighed heavily in shaping the action of the Director and the Board.

It will be the order of this Court that the judgment of the Common Pleas Court be reversed and that the cause be remanded to the Board of Liquor Control to reconsider the appeal of appellee from the action of the Department in refusing to order a transfer of appellee's permit.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.