**STROHM, d. b. a. RAILROAD RESTAURANT, Appellant, v. BOARD OF LIQUOR CONTROL et, Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4333.   Decided March 10, 1950.

Gregory C. Karas, Dayton, Joseph J. Poorman, Columbus, for appellant.

Hon. Herbert S. Duffy, Atty. Genl., Charles T. Kaps, Asst. Atty. Genl., Columbus, for appellees.

**OPINION**

By THE COURT.

This is an appeal from the judgment of the Common Pleas Court of Franklin County, Ohio, affirming the Ohio Board of Liquor Control, which sustained the action of the Department of Liquor Control rejecting the application of appellant for renewal of D-1 and D-2 permits and an application for C-2 permit.

The appellant is the owner of a restaurant and tavern in the village of Tipp City, Miami County, Ohio, which he purchased on July 23, 1947. The former owner operated under D-1 and D-2 permits, which were transferred to appellant at the time of purchase. The appellant operated said business under D-1 and D-2 permits until June, 1948, when he applied for a renewal of the D-1 and D-2 permits and for a C-2 permit.

It is stated in appellant's brief, which is not disputed, that the Chief of the Permit Division of the Department of Liquor Control, on or about July 17, 1948, in a written communication sent to the appellant, stated that the application was rejected for the following reasons:

1. Objection of the Mayor, Chief of Police and Village Council.

2. Objection of the Health Department.

3. Your place of business is considered a nuisance.

Not recommended by the Examiner.

An appeal was taken to the Board of Liquor Control which, after hearing, sustained and affirmed the Department in rejecting the application, but stated no ground for the affirmance.

Before the Board held a hearing it appears that the authorities of the Village withdrew their objection on condition that appellant move his business to another location, stating that the only objection was in regard to the location of the business. Also, the objection of the Department of Health was withdrawn for the reason that the conditions which

gave rise to the objection were corrected. Thereupon, the Board of Liquor Control granted appellant permission to operate said business under D-1 and D-2 permits pending final determination of the appeal.

The Examiner's refusal to recommend the issuance of the permits was based on objection of the Health Department and the objection to the location of the business. The first objection was eliminated.

It cannot be successfully contended, in view of the record in this case, that the place of business was a nuisance as that term is defined in §6212-1 GC.

The evidence at the hearing sufficiently eliminated all objections theretofore raised except the objection on the ground of the location of the business.

At the hearing before the Board the appellant, the Mayor of the Village, the Village Marshal, President of the Village Council, the Examiner for the Department of Liquor Control, and several residents of the Village testified.

The record shows that a tavern, or bar, has been operated at that location for many years. The restaurant, known as The Railroad Restaurant, is located along the main lines of The Baltimore and Ohio Railroad. Near the restaurant is a railroad yard where patrons of the business have been permitted to park their automobiles. Only two residences are situated in the same block, other structures include a grocery, bus terminal, Baltimore and Ohio Freight House, and The American Railway Express office. The restaurant is not located near the principal business district of the village; neither can it be said to be located in a residential area. The evidence shows that the business is located more than five hundred feet from the nearest school ground. Employees of the Baltimore and Ohio Railroad Company constantly move about in the area near the restaurant.

The mayor, marshal and president of the Village Council, and several of the nearby residents who object to the issuance of the permits testified that they could not and did not complain about the manner in which appellant conducted the business, but based their objection on the ground that in the area near appellant's place of business occasionally there would be found persons in an intoxicated condition, persons who would engage in profanity, and occasionally men would be seen using the railroad premises for toilet. The evidence is not at all clear that these persons were patrons of the appellant except in several instances. There was evidence presented to the effect that on several occasions intoxicated persons were seen coming out of appellant's place of busi-

ness. On the evidence it may reasonably be inferred that liquor was sold to intoxicated persons contrary to provisions of §6064-22 GC. In our opinion the evidence constitutes sufficient cause to reject the application for renewal.

The record shows that the objectors would readily approve the issuance of the permits if appellant conducted his business at another location. Also, the conclusion may reasonably be drawn from the evidence that the village officials found it difficult to properly police the area and that their inability to do so gave rise to most of the complaints. In Department of Liquor Control has authority to reject an brief, the record presents the question as to whether the application for renewal on such grounds.

It is significant that the Board itself failed to state any reason for the rejection of the application. The Board sustained and affirmed the action of the Department in rejecting the application. It may be assumed that the Board sustained and affirmed the action of the Department on the grounds stated by the Department. However, the grounds on which the Department rejected the application have been eliminated except the objection as to location. On the record presented the rejection by the Board could not have been based on any ground other than location.

It is not claimed that the appellant failed to comply with any statutory requirement or recommendation of the Department. Apparently, the Board has not promulgated any rule or regulation governing this matter. Whether the application should be granted or rejected falls within the field of the discretionary powers conferred on the Director of the Department and the Board. The power conferred is not absolute since the action of the Department is subject to review. The action of the Department will be upheld unless an abuse of discretion is shown. We are required to determine whether the record shows an abuse of discretion.

From the standpoint of law enforcement, decency and order in the community the location of a tavern may be a controlling factor in determining whether a permit shall be issued or renewed. In the case at bar the Department had a right to and did consider environmental factors in arriving at its decision. The Department found that the conduct of appellant's business in that part of the village was not only inadvisable but undesirable from the viewpoint of law enforcement and police protection. In our opinion the factual situation presented constituted sufficient cause for rejection of the application. The Department did not abuse its discretion in rejecting the application on the ground of location of the business.

The judgment of the Common Pleas Court of Franklin County, Ohio, affirming the action the Ohio Board of Liquor Control, is hereby affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.