**SHEARER, Plaintiff-Appellant, v. STATE MEDICAL BOARD, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4412.   Decided June 14, 1950.

Hon. Herbert S. Duffy, Atty. Genl., Joseph F. Ford, Asst. Atty. Genl., Columbus, for plaintiff-appellant.

Waymon B. McLeskey, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court affirming the action of the appellee in suspending, for one year, the certificate of appellant to practice Osteopathic Medicine and Surgery.

Twelve errors are assigned. The numbered headings in the assignments of error are not conformed to in the brief of the appellant which sets up the questions presented under seven headings, as follows:

1. Was William Henning "an illegal practitioner of medicine" in connection with the alleged treatment of Dwight Williams?

2. If so, did the appellant have any "professional connection with" said Henning?

3. If not, did said appellant lend his name to said Henning?

4. Was the conduct of Dr. J. H. J. Upham as a member of the Board prejudicial to the appellant?

5. Was appellant given a fair hearing by said Board within the meaning of **Article I, Section 16 of the Ohio Constitution** and the Fourteenth Amendment of the Constitution of the United States?

6. Did the Common Pleas Court err as to the basis of its decision?

7. Was the fact that the appellant was not served with a certified copy of the order of suspension prejudicial?

We will not discuss categorically the questions propounded in appellant's brief.

The charge may be divided into two parts:

1. That on or about June 7, 1946, the said Ernest F. Shearer, D. O., induced one Dwight B. Williams, a patient or Dr. Benedict's to go to William Henning for treatment and that on June 7, 1946 and at various times thereafter, William Henning prescribed and treated Dwight E. Williams for which treatments he was paid.

2. That other patients of Dr. Benedict were induced' by Ernest F. Shearer, D. O., to go to William Henning for treatments.

Number 1 is completely covered and supported by the testimony of Williams. Number 2 is supported only by hearsay testimony which was not objected to and therefore has some probative value. Number 1 alone, in our judgment, is sufficient to constitute a violation of §1275 GC.

It is asserted that it does not appear in the occurrence, the subject matter of the claim against the defendant, that he had any professional connection with or lent his name to Henning, an illegal practitioner. It was amply proven that Henning was an illegal practitioner and again, assuming the truthfulness of Williams' testimony, that he had connection with Shearer that was professional in its character was, upon the advice of Shearer, taken to Henning for professional medical diagnosis and treatment. That pursuant to this connection Dr. Henning did treat and administer medicine to Williams. This, if established by the requisite degree of proof, in our judgment, meets the intendment of paragraph 4 of the language of §1275 GC "having professional connection with" an illegal practitioner of medicine.

It appears that during the hearing Dr. J. H. J. Upham, a

member of the plaintiff Board, passed one or two notes to Mr. Ford, counsel for the plaintiff. One note only is found and made part of the record which reads:

"Did not Shearer testify that Mrs. Holmes worked exclusively for him?"

We cannot say that this act on the part of a member of the Board indicated prejudice against the defendant. It does not appear that the note was passed secretly. There is nothing in the question which indicates any animus or feeling on the part of the writer. The information sought was germane to the factual matters to be determined. The writer could himself have made the inquiry of the witness. There would have been no impropriety if he had orally requested either counsel to propound the question. In all the action was neither erroneous nor prejudicial.

It is urged that because of the composition of the Board, mostly medical doctors, it was impossible for the defendant, an osteopath, to have a fair trial and that the hearing before this Board as constituted was a denial of the due course of law provision of the Bill of Rights of the Ohio Constitution and the "due process" clause of the Fourteenth Amendment to the Federal Constitution. Academically there is some logic in this argument but we would not hold at this late date that the Medical Act is unconstitutional. It has been tested as to its constitutionality. **Shaw v. State, 101 Oh St 507; Newmuth v. State, 101 Oh St 508, 160; and Williams v. Scudder, 102 Oh St 305.**

It is also claimed that the order of the Board is invalid because no certified copy accompanied the notice of suspension contained in the letter from the Board to Dr. Shearer. In view of the obvious fact that Dr. Shearer had full and complete notice of the action of the Board and was enabled to avail himself of all remedies set up by law to test the validity of the action of the Board, it is our judgment that this failure to send the certified copy of the order of suspension did not invalidate the order of the Board.

It is assigned that the Common Pleas Court erred as to the basis of its decision in the finding that the appellee "has not been guilty of an abuse of discretion or acted arbitrarily or capriciously."

The judgment entry in the Common Pleas Court on the appeal says:

"The court on consideration thereof, and being fully ad-

vised in the premises, finds that the action taken by the State Medical Board is in conformity with the law and the said appellee has not been guilty of an abuse of discretion or acted arbitrarily or capriciously."

In the written opinion of the Common Pleas judge on review, he uses this language:

"We have no right to disturb the conclusions and finding reached by the Board unless such findings and conclusions disclose that the Board was guilty of an abuse of discretion, i. e. that the Board upon the record before it acted arbitrarily and capriciously. We are unable to say that the Board in its finding was guilty of an abuse of discretion or that its action was unreasonable and oppressive."

Upon the subject matter in the controlling statutes, §154-67 to §154-71 GC, inclusive, and the interpretation of the Supreme Court of §154-73 GC in **Farrand v. Medical Board, 151 Oh St 222,** in the hearing before the Board in this case it was required to follow the rules of civil procedure and to weigh the evidence and place the burden of proof by a preponderance of the evidence upon the Board when the appeal was prosecuted. The Common Pleas Court determined the appeal as upon questions of law and should have applied the test which would be appropriate in civil appeals. So that, one of the questions before the Common Pleas judge was whether or not the action of the Board was against the manifest weight of the evidence. There is a difference between action which is an abuse of discretion and action which is against the weight of the evidence.

Judge Zimmerman in the opinion and the court in the syllabus recognize this differentiation in **Steiner v. Custer, et al., 137 Oh St 448.** Second syllabus:

"The meaning of the term 'abuse of discretion' in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court."

The test of the reviewing court to be applied to the order of the Board was whether or not it was against the manifest weight of the evidence. Inadvertently, no doubt, the trial judge failed to test the order by the correct principle of law controlling.

We have observed in some of our opinions that certain

acts of administrative Boards are to be tested as upon abuse of discretion, as late as Strohm v. Board of Liquor Control, Franklin County, No. 4333, rendered March 10, 1950 (57 **Abs** 378), we said that,

"The Department did not abuse its discretion in rejecting the application on the ground of location of the business."

This was a review of the action of the Board in rejecting the application of the appellant for renewal of certain liquor permits. There was no dispute as to the fact upon which the Board predicated its ruling. Our observation in this situation was correct. So, in the instant case if the Board upon the application of the preponderance of the evidence rule properly found either charge against the defendant to have been proven then it could in the exercise of its discretion determine what punitive measures should be taken under the applicable law.

We have purposely expressed no opinion on the question whether or not the Board acted against the weight of the evidence in making its finding that the charges against the defendant were proven. This prerogative in the first instance should be exercised by the Common Pleas Judge on the review. The cause will be reversed and remanded to the Common Pleas Judge to determine this one question. We have passed on all other errors assigned. The judgment entry should provide that no assignment of error is established except No. 6, that the Common Pleas Court erred as to the basis of its affirmance, viz., that the Board did not abuse its discretion in finding the charges against the defendant to be proven.

Some observation is made in appellant's brief of the dissent in this Court in State **v. Henning, 83 Oh Ap 445.** It will be observed that State v. Henning was a criminal prosecution and also that the charges here against the defendant are more specific than in the Henning charge. Some observation is also made as to **Farrand v. Medical Board, 151 Oh St 222.** The courts inferior to the Supreme Court will, of course, accept the adjudication in this case but we are satisfied that amplification will be required when an appeal reaches the Supreme Court, wherein the Common Pleas Court of Franklin County has granted a request for the admission of additional evidence and it has been received. How shall it be considered inasmuch as the Board did not have such evidence before it and therefore had no opportunity to pass judgment upon it? Is there any other manner in which

the Common Pleas Court can consider and determine the newly discovered evidence except as upon de novo hearing? If not, then we have the anomoly of the court reviewing some of the testimony as upon questions of law and some as upon questions of fact. Sec. 154-73 GC is a hybrid in the law which it is difficult to classify, without qualification, under either of the recognized types of appeal.

Judgment accordingly.

MILLER, PJ, concurs.
WISEMAN, J, concurs in judgment.