IN RE TOUCHMAN.

(No. 472—Decided March 27, 1953.)

*Messrs. Spidel, Staley & Hole,* for appellant.
*Mr. C. William O'Neill,* attorney general, and *Mr. George F. Patterson, Jr.,* for appellee.

*Per Curiam.*   This is an appeal on questions of law from a judgment of the Common Pleas Court of Miami County, affirming an order of the home inspection section, Division of Aid for the Aged, Department of Public Welfare, denying the application of Opal Touchman for renewal of a license to operate a rest home.

The Department of Public Welfare referred the matter to a referee, who held an extended hearing. The referee found that the appellant violated nine separate rules and regulations established for the purpose of regulating the operation of rest homes. Upon the recommendation of the referee, the department denied the application for renewal. Upon appeal to the Common Pleas Court, the order of the department was affirmed.

We have examined the record and carefully considered each error assigned. The judgment is supported by the evidence.

Appellant contends that the Common Pleas Court made no finding that the charges were proven, and that the court found only that the decision of the referee should be sustained.

This proceeding is controlled by Section 154-73, General Code, as it existed prior to the amendment effective August 28, 1951, which section, in part, provided:

"The hearing in the Court of Common Pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance

with the statutes or other law applicable to such action.''

The notice of appeal from the order of the department stated that the order was contrary to the evidence and contrary to law. The court in its written opinion, which is made a part of the record, stated that "violations were found to exist and that they did exist is shown by the preponderance of the evidence.''

In our opinion, a general finding on the issues made complied with the statutory requirements. The case of *Shearer* v. *State Medical Board,* 91 Ohio App., 277, 97 N. E. (2d), 688, is distinguishable from the case at bar in that in the *Shearer case* it appears that the trial court "failed to test the order by the correct principle of law.''

We find no error assigned well made.

*Judgment affirmed.*

WISEMAN, P. J., HORNBECK and MILLER, JJ., concur.