**SKALL, d. b. a. H. & H. BAR, Appellant, v. STATE, DEPARTMENT OF LIQUOR CONTROL, Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4898. Decided October 13, 1953.

H. David Lefkowitz, Cleveland, Leonard J. Stern, Columbus, for appellant.

C. William O'Neill, Atty. Genl., Robert B. Rady, George C. CcConnaughey, Jr., Asst. Attys. Genl., Columbus, for appellee.

## OPINION

By HORNBECK, J.

This is an appeal from a judgment of the Common Pleas Court of Franklin County, Ohio, affirming an order of the Ohio Board of Liquor Control which sustained the action of the Department of Liquor Control in rejecting the application of appellant for a renewal of her class D-1, D-2, D-3 and D-3A permits. The principal and practically the only error assigned and discussed in appellant's brief is that the testimony before the Board did not support its affirmance of the order of the Department and that the testimony before the Court of Common Pleas, where some additional evidence was proffered, did not support the over-all conclusion that the order appealed from was sustained by reliable, probative and substantial evidence which is the test to be applied under the Code providing for an appeal to the Common Pleas Court.

There was also argued in this Court the proposition that appellant was not accorded the right of a hearing before the Department at the time that it had under consideration appellant's application for renewal of her permits. A careful examination of the record before the Board and in the Common Pleas Court fails to disclose that this question was at any time presented and urged; nor is it exemplified on the record. Manifestly, the Director had many substantial, probative facts before him upon which he predicated his order denying appellant's application, and the record is silent as to whether or not appellant was present or had the opportunity to be present when these facts were elicited, or that she did or did not have notice of them by order of the Director. Finally, we find no provision of the Liquor Control Act which assures to the applicant for a permit the right to be heard on the matter, but there is provision in the Administrative Procedure Act, §154-67 GC, which requires that,

"Every agency shall afford a hearing upon the request of a person whose application for a license has been rejected and to whom the agency has refused to issue a license, whether the same be a renewal or a new license, unless a hearing was held prior to the refusal to issue such license."

It will be observed that this hearing is accorded only upon the request of the applicant.

Coming then to the specific findings in the order of the Department we observe that the affirmance of the Board is not an affirmance of every finding in the order. It is only an affirmance of the order itself. The record made before the Board on an appellate review affords no support for the second, third and fourth paragraphs of the findings, nor for that part of the first finding which relates to Knesseth Israel Congregation Synagogue and its location and occurrences that took place in the vicinity of the synagogue.

There is then left a number of findings which we test upon the claim that they, upon the record before the Board, together with the affidavit of appellant in the Common Pleas Court, are against the manifest weight of the evidence or do not support the order of the Board under the statute. Briefly, the charges upon which the Board must rest its affirmance are:

(1) That the place of business of permittee is in close proximity to the Columbia Public School. Evidence discloses that it is 153 feet from that school.

(2) That men habitually loiter in front of the permit premises indulging in indecent language and interfering with the comings and goings of the children attending the school.

(3) That persons urinated outside the premises in the rear thereof and otherwise improperly exposed themselves in the vicinity thereof and that such conditions constitute a danger to the children attending the school.

These findings are made the basis of the conclusion that Regulation 12, Section 3 of the Board was violated in that environmental factors surrounding the business operated by the applicant are such that the issuance of such permits would be prejudicial to public decency, sobriety and good order. That environmental factors may be the basis of a refusal to issue a permit has been held by this Court many times and in one case in particular even where the Board did not urge the rule here under consideration, **Strohm, dba Railroad Restaurant, v. Board of Liquor Control of the State of Ohio et al, 57 Abs 378.**

There is ample support in the record for all of the findings which we have heretofore set forth. As a matter of fact, the quality of the witnesses in this case is exceptional. They consist of a former president of the P. T. A. of Columbia School, the president and the vice president of P. T. A., the business secretary of the Cleveland Board of Education, a mail carrier who also was a minister, and others of unquestionable reputation.

The permit premises were located on one of the busiest corners of the City of Cleveland. The front entrance was about eight feet from a storage mail box. The mail man testified that, at times, in front of that box it was necessary to get a rake to move the accumulated bottles and that the stench of urine from the standard to which the box was affixed was obnoxious. It also appeared that in the early hours of the morning men were seen to be lying in and about the front of the permit premises in an intoxicated condition. At one time eight of the patrons of this place were seen to come from it, two of them in the midst of a fight, one with a bottle in his hand and the other with his head bleeding from a cut. On one instance near the open front door, two witnesses observed a woman on a stool with two men about her, one of whom was seen to have one hand under her dress and the other hand at her breast and her body was exposed to her thighs. On one occasion a drunken woman rushed out of the bar and observing a child with whom she lived, proceeded to upbraid her, knocked her down and kicked her and left her in a semiconscious state. It is claimed that this testimony is met by the affidavit of appellant offered in Common Pleas Court, but granting all that the affidavit establishes it does not refute the testimony of the witnesses as to the actual occurrence. All of these happenings were in the proximity of a public school and many of them took place while the pupils were on their way to and from school. To meet this proof the permittee took the stand and testified that she did not know of anything to which the witnesses had testified; that she did not frequent

her own place of business; that she did not manage it and that she did not visit it.

It certainly should not be necessary to labor the proposition that such conduct as developed by the testimony establishes beyond peradventure of doubt that the maintenance of such a place as was under consideration was a nuisance and its continued operation would be prejudicial to public decency, sobriety and good order.

There is no support whatever for any error assigned. The judgment will be affirmed and cause remanded.

WISEMAN, PJ, MILLER, J, concur.