HALEY, APPELLANT, *v.* OHIO STATE DENTAL BOARD, APPELLEE.

(No. 1615—Decided March 24, 1982.)

*Messrs. Juergens, Juergens & Busch* and *Mr. U. Timothy Juergens,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. B. Douglas Anderson,* for appellee.

BROGAN, J. This matter is an appeal from the decision of the Clark County Court of Common Pleas which affirmed an order of the Ohio State Dental Board pursuant to R.C. Chapter 119, the Administrative Procedure Act.

On May 14, 1980 the board cited Ted A. Haley, D.D.S. for violations of R.C. 4715.30. Appellant requested an administrative hearing, which was scheduled for June 20, 1980, pursuant to R.C. 119.07 which requires that administrative hearings be set for seven to fifteen days after being requested. Pursuant to R.C. 119.09 which provides that an agency may postpone or continue any hearing upon its own motion, the hearing was reset for July 16, 1980.

Appellant filed a motion for a more definite statement as to the advertisements alleged to be improper and also requested a new hearing date. Within four days of appellant's request he was provided with disclosures as to the advertisements. The request for a continuance was denied and the hearing was held before the board on July 16, 1980, more than sixty days after he was notified of the charges.

In its adjudication order, mailed August 27, 1980, corrected and amended August 29, 1980, the board found appellant guilty as to four of the charges, to wit:

1

"CHARGE 4: That Mr. Walter Gouge underwent oral surgery at Appellant's office, whereupon a portion of a tooth was left in the patient's jaw, causing subsequent acute hazard to his health, and that the patient was not informed of this occurrence even though the Appellant was aware of same and saw the patient at a subsequent visit to Appellant's office.

"CHARGE 5: That Mr. Walter Gouge presented himself to the Appellant with acute infection, swelling, and pain, and although Mr. Gouge had been in the course of treatment at the Appellant's office during the immediately preceding days, the Appellant refused to treat said acute condition because the patient refused to sign a release from liability.

"* * *

"CHARGE 7: That the Appellant did, in the course of attempting a reline of a denture belonging to one Elaine Price, lose that denture, and attempt to substitute someone else's denture in its place. The Appellant further attempted to fabricate a replacement for the lost denture, representing that said replacement was at no charge to the patient, after which time the Appellant obtained that replacement denture, and refused to return it to the patient. The Appellant further refused to refund the patient's money, unless said patient signed a release from liability.

"* * *

"CHARGE 10: That during June, 1979 through January, 1980, the Appellant issued or caused to be issued, numerous advertisements of a character tending to deceive or mislead the public. Specifically: advertisements deceptively using the term 'specialist' when in fact no such specialist existed; advertisements which were run under various trade names, and which advertisements failed to contain the names of any dentist-licensees; advertisements which indicated a specific price for a set of dentures, and which failed to mention that higher-priced dentures were available and in fact pro-

moted when the consumer presented himself at the office."

The board concluded that the foregoing constituted violations of the provisions of R.C. 4715.30 and imposed a twelve-month suspension for each charge, said suspensions to be concurrent.

Appellant filed a notice of appeal with the board and with the court of common pleas pursuant to R.C. 119.12. The court of common pleas put on an order staying the effectiveness of the board's order of suspension pending the judicial appeal. The court of common pleas affirmed the board's order of suspension by decision and entry dated July 14, 1981. On August 12, 1981, appellant filed his notice of appeal to this court and his brief was filed herein on October 20, 1981.

Appeal was taken to the court of common pleas under R.C. 119.12, which provides in part:

"The court may affirm the order of the agency complained of in the appeal if it finds upon consideration of the *entire record* and such additional evidence as the court has admitted that the order is supported by *reliable, probative, and substantial evidence* and is in accordance with law." (Emphasis added.)

As to the meaning of the key words in this section, the first paragraph of the syllabus of *Andrews* v. *Bd. of Liquor Control* (1955), 164 Ohio St. 275 [58 O.O. 51], is most informative:

"1. Under Section 154-73, General Code, as amended in 1951 (Section 119.12, Revised Code), in an appeal from the Board of Liquor Control to the Court of Common Pleas of Franklin County, that court must give consideration to the *entire record* before the Board of Liquor Control, including all evidence offered before the board, and such additional evidence as the court may admit, and must appraise all such evidence as to the credibility of witnesses, the probative character of the evidence and weight to be given it, and, if from such a consideration it finds that the board's order is not sup-

ported by reliable, probative, and substantial evidence and is not in accordance with law, the court is authorized to reverse, vacate, or modify the order of the board." (Emphasis added.)

## I

"That the court erred in finding reliable, probative and substantial evidence to support the dental board's order that appellant is responsible for the oral surgery performed on Walter Gouge, which resulted in a portion of a tooth being left in that patient's jaw."

Dr. Haley testified that Dr. Porter performed oral surgery on Mr. Gouge and broke a tooth attempting to extract it. Dr. Haley stated Dr. Porter informed him of the root tip problem and an appointment was made for Mr. Gouge to come back in two days for an extraction by him. On that date, he examined Mr. Gouge and concluded the root tip extraction was too difficult and he told Mr. Gouge to see an oral surgeon, a Dr. Tinkler, for the extraction. Dr. Haley testified Mr. Gouge came back again complaining of pain in the area of the root tip and Dr. Dysas saw him and curated the area involved, placed a drain, and put him on antibiotics and referred him to Dr. Tinkler once again.

Dr. Gary Porter, an associate of Dr. Haley, testified he remembered performing multiple extractions on a white male individual and a root tip was left in the patient. He stated this was not unusual as often teeth break in extraction. He stated he referred this patient to an oral surgeon, a Dr. Tinkler. He does not remember the name of the patient. He stated he informed the patient of the root tip problem.

Appellant's wife, Jean Haley, testified she was present when Mr. Gouge was told by her husband to see an oral surgeon for the removal of his root tip. She testified her husband refused to remove the root tip because he stated it was too difficult a procedure for him to attempt.

Mr. Gouge testified a Dr. Rubin pulled eight of his teeth for permanent dentures and no one told him at the time of the extraction that a root tip had been left in his mouth. He stated he went back several times because of pain in the upper part of his mouth. When he developed an infection, he went back to Dr. Haley's office where a Dr. Dysas placed a drain tube in the infected area.

The existence of some reliable, probative, and substantial evidence adduced in support of a finding of an administrative agency is sufficient to support such findings. *Lakis* v. *Dept. of Liquor Control* (1964), 1 Ohio Misc. 109 [30 O.O.2d 547]. A court reviewing a decision of an administrative agency is confronted with the issue of whether the decision is against the manifest weight of the evidence and not whether the board abused its discretion. *Shearer* v. *State Medical Board* (1950), 91 Ohio App. 277 [44 O.O. 480].

Appellant in his first assignment of error and accompanying brief misperceives the finding of the dental board. The finding of the dental board is not that Dr. Haley negligently extracted Mr. Gouge's teeth, but that upon learning that one of the dentists employed by him had left a root tip in Mr. Gouge's mouth he failed to inform the patient of the acute hazard to his health this condition presented. There was a dispute in the record whether the patient was told of this condition, and the board as the trier of fact was free to believe or disbelieve the witnesses. Apparently they chose to believe Mr. Gouge's testimony. There was therefore some reliable, probative and substantial evidence to support the board's findings. We thus find no error in the trial court's affirmance of the board on this finding. The first assignment of error is thus overruled.

## II

"That the court erred in finding reliable, probative and substantial evidence to support the dental board's

order that appellant herein has violated Ohio Revised Code Section 4715.30 when he refused to treat patient, Walter Gouge, who refused to first execute a release from liability."

Appellant's wife testified that on Mr. Gouge's last visit to appellant's office he was asked by her to sign a release from liability form prior to appellant treating the patient and he refused. Mr. Gouge testified he was refused treatment on his last visit because he refused to sign a release form. The evidence appears uncontradicted that Mr. Gouge was in pain from an acute infection and swelling. Appellant testified he persistently told Mr. Gouge on all of his visits after his teeth were extracted to get to an oral surgeon for treatment. It is unclear why if Dr. Haley did not wish to treat Mr. Gouge for his root tip problem, he insisted on Mr. Gouge signing a release form. Mrs. Haley testified that her husband was in the doorway immediately behind her when she asked Mr. Gouge to sign a release form.

The dental board apparently felt that since the patient paid appellant's office for his dental care, the appellant had a continuing duty to monitor his progress after the extraction, and to treat the patient for his acute pain and swelling, and that a "release" before treatment was improper. Certainly, however, the appellant has no duty to risk a hazardous procedure because he initially has treated a patient. Oral surgeons are far more adept at root tip removals, and if in the appellant's judgment he could not perform such procedure he is not required to do so. What treatment could have been provided Mr. Gouge without removing the root tip is unclear from the record.

Therefore, we believe there was a failure of probative, reliable and substantial evidence to support charge No. 5 against the appellant. The decision of the board was against the manifest weight of the evidence. The second assignment of error is thus well-taken.

### III

"That the court erred in finding reliable, probative and substantial evidence to support the dental board's order that as to patient, Elaine Price, the appellant did, in violation of Ohio Revised Code, Section 4715.30, lose the denture, attempt to substitute someone else's denture, fail to obtain a replacement denture or fail to refund the patient's money."

Mrs. Price testified that she went to the appellant's dental offices as a result of advertisements she had seen for the purpose of having her lower denture relined. The appellant himself took an impression. She was informed by telephone that her denture had been lost.

The appellant attempted to force a denture that was not hers, that was too large, into her mouth. It was too large, hurt her, and caused her gums to bleed.

The appellant, having lost her denture, said he would make one for her free of charge. That one did not fit and Mrs. Price requested her money back. She was refused her money because she would not sign a statement releasing the appellant from liability.

Carol E. Gorman, a former employee of Dr. Haley, testified that Mrs. Price never got her dentures and that:

"A. * * * We took another lower denture of somebody else who didn't know who it was and stuck it in her mouth and said it was hers.

"Q. Who did that?

"A. Dr. Haley."

Appellant denied he lost the denture of the patient, nor did he offer her a substitute denture. Winona Hall, an employee of appellant, and a defense witness, testified on cross-examination that appellant lost Mrs. Price's denture and attempted to offer her a replacement.

The testimony before the board substantiates that there was some credible, reliable, probative and substantial evidence in the record to support the findings in Charge No. 7. Again the trier of fact saw and heard the witnesses first-

hand and chose to believe the patients. Certainly the act of attempting to substitute another patient's dentures for correctly fitting dentures could form the basis for the board's belief that such conduct "is grossly immoral tending to deceive the public and * * * disqualify him to practice with safety to the public." R.C. 4715.30. In any event, the trial court cannot substitute its judgment for that of the dental board on matters peculiarly within the professional judgment of the licensing board. *Arlen* v. *State Medical Board* (1980), 61 Ohio St. 2d 168 [15 O.O.3d 190]. We find no error in the trial court's judgment that the dental board's actions were not against the manifest weight of the evidence.

The third assignment of error is not well-taken.

## IV

"That the court erred in finding reliable, probative and substantial evidence to support the dental board's order that appellant issued or caused to be issued numerous advertisements of a character tending to deceive or mislead the public."

The chief investigator for the Ohio State Dental Board, Norman McClurg, testified that he clipped out of various newspapers advertisements of Tipp City Dental Center and Family Dental Center operated by appellant which were in violation of Ohio Adm. Code 4715-13-01 to 4715-13-04 and R.C. 4715.30. McClurg also testified he received some advertisements from dentists who had seen the advertisements and sent them to him.

The advertisements contained numerous violations of dental board regulations on advertising, to wit:

(a) the omission of the names of any associate or employed licensed dentist from any advertising;

(b) advertising a price for dental service, *i.e.,* dentures for $125.00, without mention of the fact that more expensive dentures are also sold by the dentist;

(c) using the term "specialist" without complying with Ohio Adm. Code 4715-5-04; and

(d) use of the term "Family Dental Center" or "Tipp City Denture Center."

These advertisements appeared in local newspapers in the Dayton and Springfield, Ohio areas from October 1979 through December 1979.

The board submitted as an exhibit a letter dated September 20, 1979 to appellant from Arthur C. Huston, Jr., D.D.S., Secretary of the Dental Board, warning him of certain violations of laws and rules regulating advertising. The letter stated:

"Ted A. Haley, D.D.S.
"1810 Limestone
"Springfield, Ohio 45505
"Dear Mr. Haley:

"The Ohio State Dental Board executive office was recently informed that you have been advertising over radio station WBLY. Whenever we learn of dentists advertising, whether it be by radio, TV, newspaper or other medium, we investigate the nature of the advertisement to ascertain whether or not it complies with Dental Board laws and rules. Therefore, a representative of our executive office, Mr. N.J. McClurg, contacted WBLY and obtained copies of your advertising scripts.

"In researching these scripts we find several areas in which you are in direct violation of the laws and rules regulating advertising. Some of the phrases being used in violation of the laws and rules are: Specialist in Dental Surgery; Specialist in Family Dental Care and Gold Work; No need to go to see an Oral Surgeon; They're approved by the American Dental Association; Full Orthodontic Service; and, Family Dental Center.

"The above phrases are considered to be deceptive and misleading to the public, and are therefore in violation of Section 4715.30, Ohio Revised Code. The phrases are also in violation of rules 4715-5-04,

and advertising rules 4715-13-01 through 4715-13-04, inclusive.

"I have enclosed a copy of the Ohio State Dental Board rules on advertising, since the amended rules do not appear in your copy of the Dental Laws and Rules.

"We are directing you to 'Cease and Desist' immediately, from your present use of phrases and wording in your advertisements which are considered deceptive and misleading, and are requesting that all future advertisements be brought into compliance with the laws and rules. If, subsequent to this date, you fail to comply, the Board may then find it necessary to take further administrative action.

"Should you have any questions concerning this matter, you may contact the executive office of the State Dental Board at your convenience.

"Sincerely,

"/s/ Arthur C. Huston, Jr., D.D.S.

"Arthur C. Huston, Jr. D.D.S.

"Secretary"

Dr. Huston also wrote to appellant on June 5, 1979 warning him that his advertisements were not in compliance with dental board rules.

Appellant contends the board improperly admitted many of the exhibits depicting appellant's alleged advertisements as they were hearsay. We do not find that contention well-taken. The advertisements were not offered for the truth of the material contained in the advertisements but merely for the fact the advertisements appeared in newspapers or on the radio. However, administrative boards are permitted some leeway in admitting hearsay consistent with due process. The Administrative Procedure Act provides that agencies must pass upon the admissibility of evidence but no attempt is made to formulate standards of admissibility. R.C. 119.09. General standards applicable to specific agencies are provided by particular statutes. These range from provisions that the agency shall not be bound by common-law or statutory rules of evidence to provisions that the evidence shall be submitted as in the trial of civil actions. R.C. 4715.37.

As a general rule, even apart from specific statutes, administrative agencies are not bound by the strict rules of evidence applied in court. *Provident Sav. Bank & Trust Co.* v. *Tax Commission* (1931), 10 O.O. 469. However, an administrative agency should not act upon evidence which is not admissible, competent, or probative of the facts which it is to determine. *Eastern Ohio Distributing Co.* v. *Bd. of Liquor Control* (1950), 59 Ohio Law Abs. 188. The hearsay rule is relaxed in administrative proceedings, but the discretion to consider hearsay evidence cannot be exercised in an arbitrary manner.

In the matter *sub judice*, the investigator for the board indicated he received some newspaper clippings from other persons which contained some objectionable advertisements. The board permitted such evidence to be considered and we think properly so. These clippings were similar in import to the advertisements the investigator personally cut from newspapers and therefore had an element of reliability sufficient to be considered as evidence.

In addition, the appellant did not really contest the content of the newspaper articles but indicated he was unsure what was objectionable about the advertisements. He testified he contacted the board on several occasions but could not receive an explanation as to what was violative of board rules and regulations in his advertisements.

States may regulate advertising by professionals that is false, deceptive or misleading and there may be reasonable restrictions on time, place, and manner of such advertising. *Bates* v. *State Bar of Arizona* (1977), 433 U.S. 350. In *Bates,* the Supreme Court found that advertisements publicizing certain attorneys' "legal clinic" and claiming that such at-

torneys offered services at "very reasonable" prices was not misleading and fell within the scope of the First Amendment's protections.

While the board is free to regulate false, deceptive, and misleading advertising by dental professionals, we fail to see how the use of the terms "Family Dental Center" or "Denture Center" is deceptive. Indeed Ohio Adm. Code 4715-13-04 (A) and (B) do not prohibit such advertising statements.

The record before the board however does contain some reliable, probative, and substantial evidence that appellant was responsible for numerous advertisements which omitted names of licensed dentists. Ohio Adm. Code 4715-13-04 (A)(6). These regulations are certainly reasonable in that they permit the board to properly monitor improper advertising. In addition, there was some probative, reliable, and substantial evidence that appellant was responsible for deceptive advertising concerning the price of dentures. There were numerous advertisements under appellant's name that contained a price for dentures, and made no mention that appellant regularly sold dentures of a more expensive nature.

In short, there was some reliable, probative, and substantial evidence adduced in support of the board's finding in Charge No. 10 that this court will not disturb said judgment. The trial court committed no error in affirming the ruling of the dental board.

The last assignment of error is therefore not well-taken.

Having found the second assignment of error of appellant to be well-taken, this matter is remanded to the State Dental Board for findings consistent with this decision and for modification of their disciplinary action imposed.

*Judgment accordingly.*

KERNS, P.J., concurs.

WILSON, J., dissents.

WILSON, J., dissenting. In my view, Assignment of Error No. 2 should be overruled.

The appellant's conduct may be violative of a rule of the State Dental Board or "of any laws pertaining to the practice of dentistry or dental hygiene," R.C. 4715.30, or be guilty of "grossly immoral conduct."

There being some evidence that the appellant would not treat the patient unless the patient signed a release of liability, I do not think the trial court's finding was against the manifest weight of the evidence.

I would affirm.