BROWN, Appellant,

v.

**OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES, Appellee.** ▋

[Cite as *Brown v. Ohio Dept. of Adm. Serv.* (1990), 70 Ohio App.3d 72.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–138.

Decided Oct. 25, 1990.

*Larry R. Zingarelli* and *Theodore R. Saker, Jr.,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *William Damsel,* for appellee.

---

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Tonya Brown, appellant, from the judgment of the Franklin County Court of Common Pleas in favor of appellee, Ohio Department of Administrative Services ("DAS"). Appellant raises the following assignments of error:

"1. The decision of the court below and Appellee is not supported by reliable, probative and substantial evidence.

"2. The decision of the court below and Appellee is contrary to law."

On October 2, 1987, appellant delivered a premature child due to a medical condition known as cervical incompetence. She returned to work on October 13, 1987, and remained until December 22, 1987, at which time she requested a leave of absence to care for her infant daughter who was to be released from the hospital on January 6, 1988. Because this leave of absence was not for medical reasons, but was for personal reasons, it was necessary for appellant to utilize all of her accumulated vacation and sick leave benefits before the leave of absence would commence. Therefore, appellant was in a paid status through January 26, 1988. On January 27, 1988, appellant began her six-month leave of absence, which leave of absence was a no-pay status.

On April 15, 1988, appellant visited her physician and was diagnosed as being pregnant. On May 13, 1988, appellant filed an application for disability leave benefits. Her application for disability leave benefits was denied because DAS determined that appellant was not in an active-pay status at the time that she became disabled.

Appellant requested a hearing to review the July 13, 1988 decision that she was ineligible for disability leave benefits. A hearing was held on January 11, 1989, before hearing examiner Lewis E. Williams. The hearing examiner issued his report and recommendation on February 9, 1989, affirming the decision of the Disability Unit of DAS to deny benefits to appellant.

Thereafter, appellant filed objections to the hearing examiner's report on February 24, 1989. On April 10, 1989, the Director of DAS issued an adjudication order adopting the report and recommendation of the hearing examiner.

Appellant appealed the decision of the Director of DAS to the Franklin County Court of Common Pleas. On January 10, 1990, the court affirmed the decision of DAS.

Although appellant raises two assignments of error, this case involves a single issue. The issue presented is whether or not appellant was eligible for disability leave benefits pursuant to R.C. 124.385 and the Ohio Administrative Code.

R.C. 124.385 provides, in pertinent part, as follows:

"(A) An employee is eligible for disability leave benefits under this section if he has completed one year of continuous state service and if either of the following applies:

"(1) he is a full-time employee and is eligible for sick leave credit pursuant to division (B)(1), (2), (3), or (6) of section 124.382 of the Revised Code;

"(2) He is a full-time employee, is on disability leave or an approved medical leave, and would be eligible for sick leave credit pursuant to division (B)(1), (2), (3), or (6) of section 124.382 of the Revised Code except that he is in no pay status."

In order for appellant to qualify for disability leave benefits, she must meet either one of the two requirements above at the time that she became disabled. Therefore, if appellant became disabled prior to January 27, 1988, she would qualify for disability leave benefits; however, if she became disabled after January 26, 1988, she would not qualify.

Upon review of relevant sections of the Ohio Administrative Code, it becomes apparent that disability is related to the employee's ability to perform the usual duties of the position held by the employee. Therefore, in order to receive disability compensation, an employee must demonstrate that he or she is incapable of performing the substantial, material duties of the employee's position.

Appellant argues that, because of the high-risk nature of her pregnancy in general, she became disabled on the day that she became pregnant. According to appellant's personal physician, the estimated date of conception was January 20, 1988. This date falls within the time frame in which appellant was still considered to be in a pay status with her employer. Appellee argues that appellant did not become disabled as a result of her pregnancy until some time after the date of conception. At the very least, appellee argues that appellant could not be eligible for disability leave benefits prior to actually knowing that she was pregnant. The date at which appellant was diagnosed as being pregnant was April 15, 1988.

According to the testimony of appellant, she did not suspect that she was pregnant until March 1988. Her doctor's appointment of April 15, 1988, confirmed that she was pregnant. Appellant's personal physician provided a report wherein he stated that appellant's date of conception was estimated to be January 20, 1988, and that her pregnancy is considered to be high risk and disabling from its onset. Appellant was also examined by a specialist in high-risk pregnancies and by an independent physician. According to their reports, appellant was at a high risk for pregnancy loss from the beginning of her pregnancy. However, they both concurred that it was appropriate for appellant to avoid working immediately after the diagnosis of pregnancy.

The existence of some reliable, probative, and substantial evidence adduced in support of a finding of an administrative agency is sufficient to support the findings made by the agency. A court reviewing a decision of an administrative agency is confronted with the issue of whether the decision is against the manifest weight of the evidence and not whether the agency abused its discretion. *Haley v. Ohio State Dental Bd.* (1982), 7 Ohio App.3d 1, 7 OBR 1, 453 N.E.2d 1262. The findings of two of the doctors indicate that appellant was not disabled until at least such time as she was diagnosed as being pregnant.

This court finds that the decision of DAS, which was affirmed by the trial court, was made in accordance with law and is not against the manifest weight of the evidence. Therefore, appellant's first and second assignments of error are not well taken and are overruled.

Based on the foregoing, appellant's assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

McCORMAC and GOLDSBERRY, JJ., concur.

L. ALAN GOLDSBERRY, J., of the Athens County Court of Common Pleas, sitting by assignment.