DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Thomas Carratola, D.D.S., appeals from the decision of the Summit County Court of Common Pleas affirming the order of the Ohio State Dental Board ("the Board") imposing disciplinary measures on Carratola. We affirm.
 I.
Carratola is a dentist licensed to practice in the state of Ohio. In November 1994, Carratola received a notice of opportunity for hearing from the Board. The notice contained two counts of violating R.C. 4715.30(A)(7) by providing substandard dental treatment. The first count involved endodontic (root canal) treatment performed on Patient #1. The second count involved orthodontic treatment performed on Patient #2. Carratola responded and requested a hearing.
A hearing was held before a hearing examiner, Mr. Terry Thomas, on August 30, 1995, October 20, 1995, and January 23, 1996. Carratola was represented by counsel at the hearing. The only witnesses for the Board were an expert in the field of endodontics and an expert in the field of orthodontics. Carratola was the only witness to testify on his behalf.
The hearing examiner rendered his recommendations on June 25, 1996. The hearing examiner found that the two counts against Carratola were supported by the evidence. He recommended that Carratola's license be suspended for sixty days, that Carratola be prohibited from performing endodontic or orthodontic procedures for a period of one year, that Carratola be required to take forty additional hours of continuing education course work in each of those two areas during that year,[1] and that Carratola be on probationary status for an additional two years thereafter.
After the hearing examiner submitted his recommendations, Carratola filed objections. Carratola alleged that he had been denied a fair hearing because the hearing officer had a conflict of interest while hearing Carratola's matter. The Office of the Attorney General responded.
The hearing examiner's recommendations came before the Board on July 18, 1996. The Board unanimously denied Carratola's objections based on the hearing examiner's alleged conflict of interest. The Board also unanimously found the charges in counts one and two to be true. The Board then modified the sanction recommended by the hearing examiner. As amended, the order sanctioned Carratola by suspending his license for forty-five days, placing Carratola on probation for three years, prohibiting Carratola from providing endodontic or orthodontic treatment for three years, and requiring Carratola to take one hundred additional hours of continuing education course work, eighty hours in orthodontics and twenty hours in endodontics. The Board unanimously approved the order as amended.
Carratola appealed to the Summit County Court of Common Pleas on August 7, 1996. The Board responded. Carratola moved for the admission of additional evidence on the issue of the hearing examiner's alleged conflict of interest. The trial court eventually permitted such evidence to be admitted. On July 7, 1997, the trial court issued its decision affirming the Board's order. Carratola now appeals to this court.
 II.
Carratola asserts two assignments of error:
 [I:] THE TRIAL COURT ERRED IN FINDING THAT APPELLEE'S ADJUDICATION ORDER IS IN ACCORDANCE WITH LAW.
 [II:] THE TRIAL COURT ERRED IN FINDING THAT APPELLEE'S ADJUDICATION ORDER IS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE.
In support of these assignments of error, Carratola makes a total of seven separate arguments. We review each argument in turn.
We first note the appropriate standard of review. Appeals taken from an administrative agency's decision are governed by R.C. 119.12. The adversely affected party may appeal to the court of common pleas of the county where the licensee's place of business is located or where the licensee resides. "The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record * * * that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." Id. "The common pleas court must give due deference to the administrative resolution of evidentiary conflicts and must not substitute its judgment for that of the [Board]." N.R., Inc. v. Ohio Liquor Control Comm. (1996),113 Ohio App.3d 198, 202. In addition, "courts must accord due deference to the board's interpretation of the technical and ethical requirements of its profession." Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, syllabus. However, "[t]o the extent that an agency's decision is based on construction of the state or federal Constitution, a statute, or case law, the common pleas court must undertake its R.C. 119.12 reviewing task completely independently." Ohio Historical Soc. v. State Emp.Relations Bd. (1993), 66 Ohio St.3d 466, 471.
In reviewing a decision of a common pleas court that determines whether an agency's order is supported by reliable, probative and substantial evidence, this court must determine whether the trial court abused its discretion. Wise v. Ohio MotorVehicle Dealers Bd. (1995), 106 Ohio App.3d 562, 565. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the [Board] or a trial court." Pons,66 Ohio St.3d at 621. "On questions of law, the common pleas court does not exercise discretion and the court of appeal's review is plenary." McGee v. Ohio State Bd. of Psychology (1993), 82 Ohio App.3d 301,305.
 A. Hearing Examiner Conflict of Interest
Carratola first argues that the trial court erred in determining that the Board's order was in accordance with law because the hearing examiner, Mr. Terry Thomas, had a conflict of interest. Carratola argues that the conflict of interest deprived him of a hearing before a fair and impartial adjudicator and thus violated his right to procedural due process. The trial court rejected Carratola's assertion and found Carratola had not demonstrated that he was prejudiced by the alleged conflict of interest.
In brief, the relevant facts are as follows: During the time between the first hearing date of Carratola's matter (August 30, 1995) and the second hearing date (November 20, 1995), the hearing examiner, Mr. Thomas, notified the Board that he had been retained as counsel in a separate disciplinary matter against a Dr. Quillen. As a result, Mr. Thomas was acting as an advocate before the Board and as an adjudicator on behalf of the Board in two separate matters at the same time. The Quillen disciplinary matter was not resolved until July 1996, after Mr. Thomas submitted his recommendations to the Board in June 1996. During this period of time, three assistant attorneys general were involved in the two matters, but never as the Board's attorney in both matters at the same time. Also, in May 1996, one of the assistant attorneys general that prosecuted the case against Carratola became the executive director of the Board.
From these facts, Carratola makes several contentions and inferences. He first asserts that Mr. Thomas withheld the release of his recommendations to use as leverage with the assistant attorneys general involved in Carratola's matter to gain a more favorable result for his client, Dr. Quillen. Carratola also asserts that the assistant attorneys general in the Quillen and Carratola matters used the Quillen matter to exert influence over Mr. Thomas in the Carratola matter. Carratola further contends that the former assistant attorney general in the Carratola matter used her position as executive director of the Board to ensure that the Carratola matter, which she prosecuted, would be resolved against Carratola. Finally, Carratola infers from these facts and contentions that Mr. Thomas, the assistant attorneys general involved in the Quillen and Carratola matters, and the Board, knowingly concealed Mr. Thomas' alleged conflict of interest.
A basic requirement of due process is the right to a fair hearing before an impartial adjudicator. Withrow v. Larkin
(1975), 421 U.S. 35, 46-47, 43 L.Ed.2d 712, 723. However, appellants "must overcome a presumption of honesty and integrity in those serving as adjudicators[.]" Id. at 47,43 L.Ed.2d at 723-24. "[T]he party alleging a disqualifying interest bears the burden of demonstrating that interest to a reviewing court." OhioState Bd. of Pharmacy v. Poppe (1988), 48 Ohio App.3d 222, 229.
We find that Carratola has not overcome the presumption in favor of honesty and integrity on the part of the hearing examiner in the case at bar. Viewed objectively, the facts show that Mr. Thomas acted as both advocate and adjudicator before the Board, but in completely unrelated matters. The record clearly shows that Mr. Thomas conducted the hearing in a fair and impartial manner. We decline to find a conspiracy between Mr. Thomas and the assistant attorneys general in which Carratola's matter was a pawn in the Quillen matter, as propounded by Carratola. We agree with the trial court that Carratola has failed to demonstrate that he was prejudiced in any manner by the alleged conflict of interest.
Carratola urges that we presume prejudice from the facts of this case, citing various authorities. Carratola further argues that prejudice should be presumed because the actions of Mr. Thomas, who is an attorney, violate the Ohio Code of Professional Responsibility[2] and the Code of Judicial Conduct.[3]
However, the cases cited by Carratola either deal with an adjudicator having a financial interest in the outcome of the adjudication, e.g., Ward v. Monroeville (1972), 409 U.S. 57,34 L.Ed.2d 267, or when the adjudicator has prejudged the matter, e.g., State v. Hamm (Oct. 8, 1992), Franklin App. No. 92AP-216, unreported; Columbus v. Pierce (1991), 77 Ohio App.3d 841. No analogous situation is presented in the case at bar. Furthermore, we decline to presume prejudice from alleged violations of the Code of Professional Responsibility. A violation of due process will only be found when an appellant demonstrates that the presumption against bias and partiality is overcome and that the appellant was prejudiced by the partiality of the adjudicator. Carratola has not met this burden; therefore, his first argument is not well taken.
 B. Absence of Discovery
Next, Carratola argues that he was deprived of due process because he was not afforded discovery. He believes that he should have been provided with witness statements, should have been given an opportunity to contact the Board's expert witnesses prior to trial, and should have been provided with the substance of those experts' proposed testimony. The absence of such discovery, according to Carratola, impaired his ability to adequately prepare for his defense and deprived him of due process.
We cannot agree. The rules of civil procedure (including discovery) do not apply to administrative proceedings. Leake v.Ohio State Bd. of Psychology (June 30, 1993), Sandusky App. No. S-92-32, unreported, at 10. "Something less than a full evidentiary hearing is generally sufficient in an administrative action." Korn v. Ohio State Med. Bd. (1988), 61 Ohio App.3d 677,685. "[T]he dental board [meets] its duty as to `discovery' by supplying [a licensee] with sufficient information enabling him to properly respond to the charges." Miccichi v. Ohio State DentalBd. (May 4, 1987), Tuscarawas App. No. 86AP-080063, unreported, at 7. See, also, Ohio State Bd. of Pharmacy v. Frantz (1990),51 Ohio St.3d 143, paragraph one of the syllabus.
The record in the case at bar does not disclose that Carratola was unable to properly defend himself against the charges presented against him. Also, Carratola has not demonstrated that he was prejudiced by the failure of the Board to provide greater discovery. See Korn, 61 Ohio App.3d at 685-86. Carratola's second argument is not well taken.
 C. Failure to Enforce Subpoena
Carratola contends in his third argument that the Board, through the hearing examiner, failed to enforce a subpoena issued to a potential witness for Carratola, a Dr. Ferrara. Dr. Ferrara was a subsequent treating dentist for Patient # 1. At the beginning of the first day of the hearing, Carratola's attorney indicated that Dr. Ferrara had said that he would not attend the hearing. Carratola argues that the Board should have compelled Dr. Ferrara's attendance, and that the Board's failure to do so is error.
Under R.C. 119.09, an administrative agency must issue a subpoena to compel the attendance of witnesses, or a subpoenaduces tecum to compel the production of documents, if requested by a party to the adjudicatory hearing. If the subpoenaed person refuses to attend, the subpoena is enforced by the court of common pleas of the county where the refusal occurs, upon application of the agency. Id. When a hearing examiner presides over the hearing, he has the same power as the agency in conducting the hearing. Id.
The case at bar demonstrates no error meriting reversal on this issue. While Carratola objected to the absence of Dr. Ferrara, he never asked the hearing examiner or the Board to enforce the subpoena. Carratola has also failed to demonstrate how he was prejudiced by a failure of Dr. Ferrara to appear at the hearing. Carratola's third argument is not well taken.
 D. Recall of Expert Witness
In his fourth argument, Carratola asserts that the hearing examiner erroneously permitted the Board to recall one of its expert witnesses. At the hearing, the Board's orthodontic expert testified that in his opinion Carratola's treatment of Patient #2 fell below the accepted standards of care in the dental profession. The expert so testified based, in part, on Carratola's records and documentation. During his case in chief, Carratola testified in his own defense. Part of his testimony was based on a visual analysis, or tracing, of the teeth of Patient #2 that was on a transparent sheet of mylar. Carratola testified that the expert's opinion was faulty because the expert apparently did not use the tracing in forming his opinion. The hearing examiner then allowed the Board to recall the expert to testify as to whether his opinion was changed by the tracing. Carratola argues that permitting the expert to be recalled allowed the Board to rehabilitate its own witness.
Administrative hearings are not strictly bound by the rules of evidence. Haley v. Ohio State Dental Bd. (1982), 7 Ohio App.3d 1,6. However, the admission or exclusion of testimony by an administrative adjudicator cannot be arbitrary. See id.
In the case at bar, the Board's orthodontic expert based his opinion on the materials given to him by the Board's investigator. The investigator, in turn, copied materials given to him by Carratola pursuant to a subpoena duces tecum. Carratola argues that the Board cannot recall its witness because he or his attorney gave the tracing to the investigator, who made copies of all the records related to Patient #2. However, the record of the hearing shows otherwise. The hearing examiner called the Board's investigator as a witness, and the investigator testified that he did not recall receiving the tracing at issue with the other subpoenaed records. Because there is evidence in the record that the Board and the expert did not receive the tracing, the hearing examiner did not err by allowing the Board to recall its expert to testify whether evidence that was not received pursuant to a subpoena altered in any way the expert's opinion as to whether Carratola's treatment of Patient #2 conformed to the standards of the dental profession. Carratola's fourth argument is not well taken.
 E. Cross-examination of Expert Witness
In his fifth argument, Carratola complains that the hearing examiner did not allow him to fully cross-examine the Board's expert witnesses. He asserts that he was prohibited from asking very relevant questions relating to the standard of care in the dental profession for endodontic and orthodontic treatments.
We find no error prejudicial to Carratola. The record discloses that Carratola's attorney desired to ask broad questions relating to whether the standard of care in dental treatment has any relationship to the circumstances under which the treatment is performed. The hearing examiner refused to allow broad questions not specifically related to the cases of Patients #1 and #2, but did allow specific questions relating to the treatment of the two patients. The hearing examiner did not act arbitrarily by limiting Carratola's inquiries to the facts presented by the matter at hand. Carratola's fifth argument is without merit.
 F. Consent Agreement as Evidence
Carratola contends in his sixth argument that the hearing examiner erred by admitting into evidence a consent agreement between the Board and himself (Carratola). No allegation was made that Carratola violated the consent agreement, and the consent agreement does not contain any admission of fault by Carratola. Carratola argues that the only purpose of the consent agreement was as "[e]vidence of other * * * acts [i.e., violating dental standards] * * * to prove the character of a person in order to show that he acted in conformity therewith." Evid.R. 404(B).
Again, we find no error. At the hearing, the hearing examiner specifically said that the consent agreement would not be considered as evidence of whether Carratola committed the acts alleged by the Board. The use of the consent agreement was limited to what sanction, if any, should be administered, only after a finding that Carratola violated R.C. 4715.30(A)(7) on both counts one and two. In reviewing a criminal case where the court acts as both judge and jury, an appellate court presumes that the trial court "limits its findings of fact to those which are sustained by competent evidence." State v. Astley (1987),36 Ohio App.3d 247, 251. We indulge in the same presumption here, and Carratola has not made a showing to the contrary. Carratola's sixth argument is without merit.
 G. Order Not Supported by Reliable, Probative, and Substantial Evidence
Finally, Carratola argues that the Board's order was not supported by reliable, probative and substantial evidence because the testimony of the Board's expert witnesses was rebutted during cross-examination and by Carratola's own testimony. In essence, Carratola asks us to re-weigh the evidence presented and find his testimony more credible than that of the Board's two expert witnesses. However, this court may not engage in this kind of exercise. Evaluating evidence and weighing credibility are primarily for the trier of fact. Hoitt v. Siefer (1995),105 Ohio App.3d 104, 107. We may only decide if the trial court abused its discretion by finding that the Board's order is supported by reliable, probative and substantial evidence.
Carratola was charged with two counts of providing "dental care that departs from or fails to conform to accepted standards for the profession, whether or not injury to a patient results." R.C. 4715.30(A)(7). At hearing, the Board presented the testimony of two expert witnesses. Each expert testified that, in his opinion, the treatment provided by Carratola to Patient #1 or Patient #2 violated the accepted standards of care for the dental profession. The hearing examiner and the Board, as the triers of fact, were entitled to place more credence in the experts' testimony than in Carratola's testimony. As such, the findings of the Board that Carratola violated R.C. 4715.30(A)(7) with regard to both Patient #1 and Patient #2 are supported by reliable, probative, and substantial evidence. The trial court did not abuse its discretion by so determining. Carratola's seventh contention is without merit.
 H. Conclusion
We reject Carratola's seven arguments supporting his two assignments of error. The trial court correctly determined that the Board's order was supported by reliable, probative, and substantial evidence and that the order was in accordance with law. Accordingly, Carratola's first and second assignments of error are overruled.
 III.
Carratola's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ JOHN W. REECE, FOR THE COURT
SLABY, P. J.
DICKINSON, J., CONCUR
[1] All licensed dentists must complete forty hours of continuing education course work biennially in order to renew their licenses. R.C. 4715.141.
[2] Carratola cites DR 1-102(A)(5) and DR 9-101.
[3] Carratola cites Canon 3(C)(1) of the Code of Judicial Conduct.