BLACK, Appellant,

v.

OHIO STATE BOARD OF PSYCHOLOGY, Appellee.

[Cite as *Black v. State Bd. of Psychology,* 160 Ohio App.3d 91, 2005-Ohio-1449.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 04AP05–491.

Decided March 29, 2005.

Lane, Alton & Horst, L.L.C., Alvin E. Mathews Jr., Theodore M. Munsell, and Janine Hancock Jones, for appellant.

Jim Petro, Attorney General, Gregory Perry, Kelly Haddox, and Tara Berrien, Assistant Attorneys General, for appellee.

MCCORMAC, Judge.

{¶ 1} Appellant, Virginia Black, Ph.D., a licensed psychologist, appeals from the judgment of the Franklin County Court of Common Pleas that affirmed the permanent revocation of her license to practice psychology by appellee, the State Board of Psychology of Ohio ("the Board"). On January 22, 2001, the Board received a complaint against appellant. The Board mailed a notice of opportunity for a hearing to appellant on September 16, 2002. Appellant timely requested a hearing; however, she subsequently filed a written request with the Board to rescind her request for a hearing. A hearing was held on March 21, 2003, which appellant did not attend. The Board issued an order revoking appellant's license to practice psychology. Appellant appealed to the Franklin County Court of Common Pleas, pursuant to R.C. 119.12, and the court affirmed the Board's order.

{¶ 2} Appellant filed a notice of appeal and raises the following assignments of error:

1. The trial court erred by concluding that a licensee who timely requests a Chapter 119 hearing and later withdraws that request is precluded from presenting evidence at the formal hearing.

2. The trial court erred by affirming a board's order that is arbitrary, unreasonable, unduly harsh, and is not supported by reliable, probative and substantial evidence, and is not in accordance with law.

3. The trial court erred by failing to consider the entire record of the proceedings below pursuant to Revised Code 119.12.

{¶ 3} By the first assignment of error, appellant contends that the trial court erred by concluding that a licensee who timely requests a hearing and later withdraws that request is precluded from presenting evidence at the hearing. R.C. 119.12 provides the standard of review for the common pleas court as follows: "The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."

{¶ 4} In *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260–261, 533 N.E.2d 264, the Supreme Court of Ohio set forth the standard of review for an appellate court as follows:

In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion "* * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' *State, ex rel. Commercial Lovelace Motor Freight, Inc., v. Lancaster* (1986), 22 Ohio St.3d 191, 193, 22 OBR 275, 489 N.E.2d 288. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. See *Rohde v. Farmer* (1970), 23 Ohio St.2d 82, 52 O.O.2d 376, 262 N.E.2d 685.

The fact that the court of appeals, or this court, might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.

■ {¶ 5} On questions of law, however, the common pleas court does not exercise discretion and the court of appeals review is plenary. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 587 N.E.2d 835, paragraph one of the syllabus.

{¶ 6} Appellant argues that the Board denied her a meaningful opportunity to be heard by not allowing her to participate in the administrative hearing and thereby denied her right to due process. The trial court found that since appellant had rescinded her request for a hearing, she waived her right to a hearing and to participate in the hearing.

■ {¶ 7} "The fundamental requirement of procedural due process is notice and hearing, that is, an opportunity to be heard." *Korn v. Ohio State Med. Bd.* (1988), 61 Ohio App.3d 677, 684, 573 N.E.2d 1100, citing *Luff v. State* (1927), 117 Ohio St. 102, 157 N.E. 388. To comply with due process in an administrative proceeding, which revokes an individual's license to practice a profession, notice and a hearing are necessary. *Korn* at 684, 573 N.E.2d 1100, citing *Jewell v. McCann* (1917), 95 Ohio St. 191, 116 N.E. 42. In *Goldman v. Ohio State Med. Bd.* (1996), 110 Ohio App.3d 124, 129, 673 N.E.2d 677, this court stated:

From a due process standpoint, something more than reliance on the preliminary investigative reports of the agency must be considered by the board before a license may be revoked such as in this case. The procedural safeguards which would make any hearing meaningful may not require a full adversarial and evidentiary proceeding, but some sort of reliable evidentiary review, including the sworn testimony of the investigator, as well as a more considered review of the circumstances of the case, would be needed to fulfill the requirement for a hearing under R.C. 4731.22.

{¶ 8} R.C. 119.06 provides that, with few exceptions, no adjudication order of an agency shall be valid unless an opportunity for a hearing is provided to the licensee and a hearing is conducted to consider evidence before making the adjudication order. See *Goldman,* 110 Ohio App.3d at 128, 673 N.E.2d 677. However, if the licensee does not file a written request for a hearing within 30 days of the mailing of the notice, then the licensee waives the right to participate in the formal hearing. R.C. 119.07; *Goldman* at 129, 673 N.E.2d 677. "A waiver is a voluntary relinquishment of a known right. * * * It applies generally to all personal rights and privileges." *Chubb v. Ohio Bur. of Workers' Comp.* (1998), 81 Ohio St.3d 275, 278, 690 N.E.2d 1267.

{¶ 9} Appellant received her notice of opportunity for a hearing and timely requested a hearing. Appellant's subsequent rescission of her request for a hearing waived her right to a hearing and the opportunity to participate in the hearing, just as if she had not requested a hearing. "[O]nce appellant waives his or her right to timely request a hearing, he or she is not afforded the opportunity to present testimony and evidence in his or her defense." *Flowers v. Ohio State Dental Bd.* (July 21, 1998), Franklin App. No. 97APE12–1632, 1998 WL 419009; see, also, *Davidson v. Ohio State Med. Bd.* (May 7, 1998), Franklin App. No. 97APE08–1036, 1998 WL 226436. Appellant received an opportunity to participate in the hearing and waived that right and was not denied due process. Appellant's first assignment of error is not well taken.

{¶ 10} In her second assignment of error, appellant contends that the trial court erred by affirming the Board's order that was arbitrary, unreasonable, and unduly harsh, was not supported by reliable, probative and substantial evidence, and was not in accordance with law. Specifically, appellant contends that the Board erred in relying upon hearsay evidence.

{¶ 11} As stated above, the common pleas court may affirm the order of the Board if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and was in accordance with law. In *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303, the court defined the evidence required by R.C. 119.12, as follows:

(1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.

{¶ 12} Appellant was charged with six counts of violating the Ohio Revised Code and the Ohio Administrative Code, although one count was subsequently dropped. The allegations arose from a complaint filed by Client R, alleging that she had been receiving treatment from appellant for 13 years, and appellant and her husband, Leonard Ted Woods, and his mother, shared Client R's residence for several months while appellant continued to render psychological services to Client R. At the hearing, Client R testified that appellant and her husband, Leonard Ted Woods, had approached her about purchasing her home. They had sold their house and had ten days to vacate, so they moved into her residence in January 2000. She lived in the back two rooms on the second floor, and they occupied the remainder of the house. Client R's domestic partner moved into the carriage house that he was converting into an apartment. Finally, appellant and her husband signed a purchase contract on May 10, 2000, but the house was never purchased and Client R began eviction proceedings against them on July 24, 2000. During the time appellant lived in Client R's house, Client R still received treatment from her.

{¶ 13} Client T also testified at the hearing. He had been a client of appellant for approximately one year. He testified that he had received counseling in exchange for physical labor, including house repairs, moving appellant's office, moving her personal items into Client R's home, painting, plumbing, and electrical work. He spent approximately $2,000 to $3,000 of his own money on home repairs at appellant's request. He had no doubt that appellant lived in Client R's house because he saw her every day while he lived in the carriage house.

{¶ 14} The Board's investigator testified at the hearing that the records of both Client R and Client T were shredded by appellant's office. He identified Exhibit 19(E), which was the purchase agreement for Client R's house, which was signed by appellant and her husband on May 10, 2000.

{¶ 15} The medical claims analyst for the special investigation unit at Aetna Insurance, the carrier for Client R, testified that the insurance records for Client R demonstrated that appellant had submitted claims and received payment for 19 treatments between January and May 2000.

{¶ 16} Also presented at the hearing were certified copies of a complaint filed in the Franklin County Court of Common Pleas by Leonard T. Woods against Client T and Client R and the parties' answers and counterclaims. The complaint alleged that Woods and his wife, appellant, moved into a residence owned by Client R in January 2000. They lived there until August 2000, at which time they vacated under threat of eviction. The counterclaim was filed against appellant, and in her answer, appellant admitted that she had provided treatment for both clients for a period of years, the source of payment for which had been from health and disability insurance as well as general labor. She also admitted

that she, her husband, and her husband's mother moved themselves and their belongings into Client R's home.

{¶ 17} Appellant contends that the Board erred in relying upon the testimony of Client R and Client T because their testimony contained hearsay, and the documents relating to the lawsuit were hearsay. However, administrative agencies are not bound by the rules of evidence applied in courts. *Haley v. Ohio State Dental Bd.* (1982), 7 Ohio App.3d 1, 6, 7 OBR 1, 453 N.E.2d 1262. The Ohio Rules of Evidence may be taken into consideration but are not controlling. Ohio Adm.Code 4732–17–03(D)(10). Thus, hearsay evidence is not precluded in administrative hearings. Considering all of this evidence, the common pleas court did not err in finding that the Board's order is supported by reliable, probative, and substantial evidence and is in accordance with law. Appellant's second assignment of error is not well taken.

{¶ 18} In her third assignment of error, appellant contends that the trial court erred by failing to consider the entire record of proceedings pursuant to R.C. 119.12. Appellant filed a motion to supplement the record in this court, alleging that the Board did not certify the entire record to the trial court as required by R.C. 119.12. The motion was overruled because appellant did not demonstrate what items from the administrative record were not included in the certified record. Appellant filed a motion for reconsideration, which was denied because the items appellant sought to supplement the record had not been presented to the trial court.

{¶ 19} R.C. 119.12 provides:

Within thirty days after receipt of a notice of appeal from an order in any case in which a hearing is required by sections 119.01 to 119.13 of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed, upon motion, shall cause the court to enter a finding in favor of the party adversely affected.

{¶ 20} In *Luther v. Bur. of Emp. Serv.* (1984), 14 Ohio App.3d 267, 14 OBR 296, 470 N.E.2d 919, this court recognized that when items are omitted from the certified record, prejudice must be demonstrated before a finding pursuant to R.C. 119.12 is required. Appellant makes two arguments: first, that the only document certified was a transcript of the hearing and second, that the record is incomplete without the items she listed in her motion for reconsideration.[1]

---

1. {¶ a} The public records which appellant argues are omitted from the record include the following:
   {¶ b} (1) Apr. 2 correspondence from appellant to the Board

{¶ 21} Appellant did not raise an objection or make a motion to enter judgment in her favor in the common pleas court. Having never moved the common pleas court to enter judgment in her favor pursuant to R.C. 119.12, appellant has waived the right to raise the record issue in this court. See *Linbaugh Corp., Inc. v. Ohio Liquor Control Comm.* (Apr. 26, 1996), Trumbull App. No. 95–T–5323, 1996 WL 297026. The Supreme Court of Ohio has stated, in paragraph one of the syllabus of *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."

{¶ 22} Moreover, the record, which was certified, is a complete record. Some of the items appellant argues should have been included were actually part of the Board's certified record. The remaining items were not ones that should have been included in the certification. All of the evidence considered by the Board was certified to the common pleas court as a complete copy of the record, including the hearing transcript and hearing exhibits. Once appellant waived her right to timely request a hearing, she lost the opportunity to present testimony and evidence in her defense. *Flowers,* supra; *Davidson,* supra; R.C. 119.07. Appellant's third assignment of error is not well taken.

{¶ 23} For the foregoing reasons, appellant's three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

BROWN, P.J., and PEGGY BRYANT, J., concur.

McCORMAC, J., retired, of the Tenth Appellate District, sitting by assignment.

---

{¶ c} (2) Jan. 31, 2003 correspondence from the Board to Dr. Black
{¶ d} (3) Jan. 15, 2003 correspondence from appellant to Governor Taft
{¶ e} (4) Oct. 16, 2002 correspondence from appellant to Board disclosing witnesses
{¶ f} (5) Oct. 16, 2002 correspondence from appellant to Board attaching article
{¶ g} (6) Oct. 16, 2002 correspondence from appellant to Board responding to charges
{¶ h} (7) Sept. 20, 2002 correspondence
{¶ i} (8) Sept. 17, 2001 correspondence from appellant to Governor Taft
{¶ j} (9) Aug. 15, 2001 correspondence from appellant to Board
{¶ k} (10) Aug. 14, 2001 correspondence from appellant's husband
{¶ l} (11) miscellaneous correspondence from Board
{¶ m} (12) police reports
{¶ n} (13) June 25, 2001 correspondence from appellant to Board
{¶ o} (14) complaint intake forms
{¶ p} (15) investigator notes
{¶ q} (16) complainant correspondence