OPINION
{¶ 1} Appellant, Rion MacConnell ("appellant"), appeals from the February 20, 2004 judgment entry of the Franklin County Court of Common Pleas in favor of appellee, Ohio Department of Commerce, Division of Real Estate and Professional Licensing ("division.") The trial court affirmed the June 4, 2003 decision of the Ohio Real Estate Commission ("commission") upholding the division's denial of appellant's application to reactivate his real estate salesperson's license. For the reasons that follow, we affirm.
 {¶ 2} On April 21, 2003, appellant received notice that the division rejected his application to reactivate his real estate license. A division hearing officer conducted a hearing on May 28, 2003 regarding the denial of appellant's application to reactivate his license. The facts adduced at the hearing consist of the following.
 {¶ 3} Appellant had been licensed as a real estate salesperson in the State of Ohio since February 14, 1997. Pursuant to R.C. 4735.141, appellant was required to remit proof that he had completed thirty hours of continuing education by March 15, 2002, but failed to do so. As a result, appellant's real estate salesperson's license was automatically suspended pursuant to R.C. 4735.141(C).
 {¶ 4} According to appellant, two prior business associates each filed complaints against him with the division, designated as case numbers 2001-000803 and 140200-2.[1] Case number 140200-2 was adjudicated by a division hearing officer and on June 4, 2002, the commission adopted the findings of fact and conclusions of law of the hearing officer. In the June 4, 2002 decision, the commission found appellant was in violation of R.C. 4735.18(A)(6) as it incorporates R.C. 4735.21.[2] Pursuant to the commission's June 4, 2002 order, appellant was required to serve a 60 day license suspension commencing June 20, 2002; complete and submit proof of completion of ten hours post-licensure education within 60 days of the order; and pay a fine of one thousand dollars due by July 5, 2002. At the time the commission issued the June 4, 2002 order, it had not resolved case number 2001-000803.
 {¶ 5} In a letter dated July 15, 2002, the superintendent of the division ("superintendent") advised appellant that his license was suspended for failure to timely pay the fine as required by the June 4, 2002 order. The superintendent also reminded appellant that his license would be revoked if he did not pay the fine by July 5, 2003 and remit proof of completion of his continuing education by August 5, 2003. On August 5, 2002, appellant submitted the $1,000 fine. However, appellant's license was marked suspended on August 5, 2002 for failure to remit proof of completion of the ten hour sales post-licensure course.
 {¶ 6} On March 15, 2003, appellant's license was automatically revoked for failure to provide proof he completed the continuing education requirements.
 {¶ 7} On April 8, 2003, appellant submitted his application to reactivate his license, and attached proof of completion of the post-licensure course mandated by the June 4, 2002 order. In the application, appellant answered "no" to a question asking "have you ever been convicted of any unlawful conduct." Appellant did not disclose his conviction for attempted theft which had previously been expunged,[3]
two housing code violations and one zoning violation.[4] Appellant answered "yes" to a question asking "have any complaints been filed against you with the Ohio Real Estate Commission?" and filed a written response which stated:
To answer question #24 yes there has been a complaint against me that has been solved. That complaint is the one which I am on a suspension as of now. That was in the past I have paid the fine in full at once and now I have done the C/E classes. I ask that [the] state give me a second chance to go out and work hard.
 {¶ 8} On April 21, 2003, appellant received notice that the division rejected his application to reactivate his real estate license. The denial stated that "Our records indicate that your license was suspended on March 15, 2002. Under the applicable laws and rules, specifically section 4735.141 of the Revised Code, you had until March 15, 2003 to apply for a reactivation of [his] license." Because the division did not receive a timely reactivation application, appellant's license was automatically revoked. The notice further indicated appellant failed to disclose "several material items" in his application. In particular, the superintendent stated appellant failed to disclose his attempted theft conviction, and the complaint pending against him with the division in case number 2001-000803.
 {¶ 9} Through counsel, appellant asserted he completed the continuing education and "thought" he filed proof of said completion with the division. (Tr. at 8.) Appellant's counsel acknowledged that appellant did not timely provide proof of completion of the continuing education, and stated "but this is not a case where [appellant] just ignored the hours, this is a case where for some reason or another they weren't filed with the division on time." Id. at 9. Nonetheless, at the time of the hearing, appellant provided no proof that he had fulfilled the continuing education requirements.
 {¶ 10} Appellant testified on his own behalf. He stated that he was also an ordained minister who traveled throughout the world as a missionary. Appellant testified that in November 2001, he asked the broker who held his license to voluntarily turn it in to the division because he would be out of town for a prolonged period of time. During 2002, appellant spent most of the year in Guatemala working in a charitable hospital and did not receive the March 15, 2002 notice suspending his license. When asked if he was out of town on March 15, 2002, he responded he was not and "[he] did not have time to get everything in [to the commission] before [he] left." Id. at 17. Appellant asserted he was out of the country when the commission issued its June 4, 2002 order and did not learn of the order in time to comply with the various deadlines.
 {¶ 11} Appellant stated he did not disclose his prior convictions on his reactivation application because he felt the convictions had no bearing on his fitness to hold a real estate license. Appellant explained that he did not reference the complaint pending against him in case number 2001-000803 because he thought the issues underlying that complaint were resolved in the June 4, 2002 order.
 {¶ 12} By order dated June 4, 2003, the commission adopted the findings of fact and conclusions of law of the hearing officer, and affirmed the division's denial of appellant's reactivation application. Appellant appealed the order to the Franklin County Court of Common Pleas, asserting that he was not afforded due process at the administrative hearing and that the commission's order was not supported by substantial, reliable, and probative evidence.
 {¶ 13} On January 18, 2004, the trial court affirmed the order of the commission. In its decision, the court found there was reliable, probative and substantial evidence to support the commission's order. The court noted that the record did not reflect appellant provided proof he completed the required continuing education. As such, the court found that the commission acted within its authority to consider whether to deny appellant's request for reactivation of his license. The court further found that while the errors in the reapplication as to appellant's criminal convictions might, standing alone, not warrant denial, the complaints, the failure to timely submit evidence of his continuing education and the failure to accurately answer questions on the application "exacerbated issues of credibility on his part." (January 18, 2004 Decision at 5.)
 {¶ 14} The court further noted that appellant and his counsel did not raise any procedural or evidentiary objections during the hearing, and merely attempted to explain the circumstances surrounding the matters in mitigation. Because the court found appellant was fully apprised of the contended violations and given an opportunity to respond, the court found due process had been satisfied. The court further found appellant "may not slumber on his rights at the [administrative level] and then attempt to raise issues at this level where such issues might have been resolved before the administrative tribunal." (January 18, 2004 Decision at 4.)
 {¶ 15} Appellant timely appeals and asserts the following assignments of error for our review:
[I.] The trial court erred in determining Appellee's hearing process comported with fundamental principles of due process because the Appellee failed to notify Appellant of the actual charges against him, failed to provide an opportunity to cross examine critical fact-witnesses and failed to follow other basic requirements of the Ohio Constitution and the Ohio Administrative Procedure Act.
[II.] The trial court erred in determining that the Denial of Appellant's Reactivation Application Was Supported by Reliable, Substantive and Probative Evidence on the Record as the record only contains the unsworn testimony of state witnesses.
 {¶ 16} Under R.C. 119.12, when a common pleas court reviews an order of an administrative agency, it must consider the entire record and determine whether the agency's order is "supported by reliable, probative, and substantial evidence and is in accordance with the law." R.C. 119.12; Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108,110-111, 17 O.O.3d 65, 407 N.E.2d 1265; Black v. State Bd. ofPsychology, Franklin App. No. 04AP-491, 2005-Ohio-1449 at ¶ 3.
 {¶ 17} In Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 589 N.E.2d 1303, the Supreme Court of Ohio defined the evidence required by R.C. 119.12:
"Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. "Substantial" evidence is evidence with some weight; it must have importance and value.
Id. at 571.
 {¶ 18} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" (Emphasis sic.) Lies v. VeterinaryMed. Bd. (1981), 2 Ohio App.3d 204, 207, 2 OBR 223, 441 N.E.2d 584, quoting Andrews v. Bd. Of Liquor Control (1955), 164 Ohio St. 275, 280,58 O.O. 51, 131 N.E.2d 390. Even though the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, the findings of the agency are not conclusive. Conrad, supra, at 111.
 {¶ 19} An appellate court's standard of review in an administrative appeal is even more limited than that of a common pleas court. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, 1993 Ohio 122,614 N.E.2d 748. In Pons, the Supreme Court of Ohio stated:
* * * While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion,i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment. * * *
Id., citing Lorain City School Dist. Bd. of Edn. v. State Emp.Relations Bd. (1988), 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264; RightNow Mini Market, Inc. v. Ohio Liquor Control Comm., Franklin App. No. 04AP-914, 2005-Ohio-1125 at ¶ 10. Nonetheless, an appellate court does have plenary review of purely legal questions in an administrative appeal. Big Bob's, Inc. v. Ohio Liquor Control Comm., 151 Ohio App.3d 498,2003-Ohio-418, 784 N.E.2d 753, at ¶ 15. Therefore, we must also determine whether the common pleas court's decision is in accordance with law.
 {¶ 20} In his first assignment of error, appellant claims he was not afforded due process at the administrative hearing. In particular, appellant argues he was denied the right to cross-examine witnesses called against him, which "critically impacted [his] ability to challenge the evidence presented by the [division]." (Appellant's Brief at 6.) Appellant asserts the witness testimony was not given under oath, resulting in the admission of impermissible hearsay. Next, appellant asserts the commission did not give detailed findings and orders that gave notice to appellant of the grounds for its decision. Appellant further challenges the commission's reliance on R.C. 4735.141 in its order, arguing this section is unrelated to the allegations addressed in the hearing. Finally, appellant argues the proceedings in the instant matter are barred by res judicata, as the facts underlying this action were identical to the complaint in case number 140200-2 and were fully resolved by the June 4, 2002 order.
 {¶ 21} We begin by noting appellant did not raise any procedural or evidentiary objections at the administrative level. Generally, a party waives the right to appeal an issue that could have been but was not raised in earlier proceedings. Am. Legion Post 200 v. Ohio Liquor ControlComm., Franklin App. No. 01AP-684, 2001 Ohio App. LEXIS 5714 at *4;Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm. (1993),91 Ohio App.3d 76, 80, 631 N.E.2d 1068. This principle has been applied in appeals from administrative agencies. See Loyal Order of MooseLodge No. 1473 v. Ohio Liquor Control Comm. (1994), 95 Ohio App.3d 109,114, 641 N.E.2d 1182; Tomajaber, Inc. v. Ohio Liquor Control Comm.
(Sept. 21, 1994), Summitt App. No. CA-16359. Because appellant did not raise any objections at the hearing to the proceedings or evidence presented, the division asserts he waived them on appeal. We agree.
 {¶ 22} At the administrative hearing, appellant failed to raise any objection to the procedural or evidentiary aspects of the hearing process. Instead, appellant's defense consisted of mitigating circumstances related to his reasons for not providing proof of completion of his continuing education, and the lack of complete veracity of his responses on the reactivation application. As the trial court aptly stated, appellant cannot "slumber on his rights at the administrative level and then attempt to raise issues at this level where such issues may have been resolved before the administrative tribunal." (January 18, 2004 Decision at 4.)
 {¶ 23} Notwithstanding our finding that appellant waived his right to challenge the commission's decision on due process grounds, we nonetheless address the division's alternative argument that appellant was afforded due process of law.
 {¶ 24} Due process rights guaranteed by the United States and Ohio Constitutions apply in administrative proceedings. Urban v. State Med.Bd. of Ohio, Franklin App. No. 03AP-426, 2004-Ohio-104 at ¶ 25 citingLTV Steel Co. v. Indus. Comm. (2000), 140 Ohio App.3d 680, 688,748 N.E.2d 1176. Nonetheless, "due process is a flexible concept and calls for such procedural safeguards as the particular situation demands." Id. at 688-689, citing Cleveland Bd. of Edn. v. Loudermill
(1985), 470 U.S. 532, 545, 84 L.Ed.2d 494, 105 S.Ct. 1487. In Korn v. OhioState Medical Bd. (1988), 61 Ohio App.3d 677, 684, 573 N.E.2d 1100, we addressed what procedural due process requires in an administrative hearing:
The fundamental requirement of procedural due process is notice and hearing, that is, an opportunity to be heard. Notice and hearing are necessary to comply with due process in an administrative proceeding which revokes an individual's license to practice a profession.
Id. at 684. (Citations omitted.)
 {¶ 25} The division claims the April 21, 2003 letter placed appellant on notice of the reasons underlying the denial of his reactivation application. Further, the division asserts that the record reflects it presented at the hearing all of the evidence relied upon in refusing reactivation, and that appellant was given the opportunity to address the charges and the evidence. In light of the foregoing, the division asserts appellant was afforded due process. We agree.
 {¶ 26} Here, appellant admits receipt of the April 21, 2003 letter, which we find adequately put appellant on notice of the reasons underlying the denial of his reactivation application. Specifically, the notice advised appellant that "under the applicable laws and rules, specifically section 4735.141 of the Revised Code," he failed to timely apply for a reactivation of his license and failed to disclose both his prior attempted theft conviction and the pending complaint with the division in case number 2001-000803. The notice also informed him of his right to request a hearing on the matter. Appellant attended the May 23, 2003 hearing and had ample opportunity to present evidence in support of the reactivation of his license. As previously stated, appellant chose to only present mitigation regarding the circumstances surrounding his failure to remit proof of completion of the continuing education requirements and to truthfully answer all questions on his reactivation application. Based on the record before us, we find appellant was afforded due process at the administrative hearing level. Accordingly, appellant's first assignment of error is overruled.
 {¶ 27} In appellant's second assignment of error, he argues the commission's order was not supported by reliable, probative, and substantial evidence and that the trial court erred in affirming the commission's decision to deny his reapplication for his real estate salesperson's license. In this case, the commission determined that appellant specifically violated R.C. 4735.141, which provides in relevant part:
(A) Except as otherwise provided in this division, each person licensed under section 4735.07 or 4735.09 of the Revised Code shall submit proof satisfactory to the superintendent of real estate that the licensee has satisfactorily completed thirty hours of continuing education, as prescribed by the Ohio real estate commission pursuant to section 4735.10
of the Revised Code, on or before the licensee's birthday occurring three years after the licensee's date of initial licensure, and on or before the licensee's birthday every three years thereafter.
(C) If the requirements of this section are not met by a licensee within the period specified, the licensee's license shall be suspended automatically without the taking of any action by the superintendent. The superintendent shall notify the licensee of the license suspension. * * * If the requirements of this section are not met within twelve months from the date the license was suspended, the license shall be revoked automatically without the taking of any action by the superintendent.
 {¶ 28} Ohio Adm. Code 1301:5-1-19 states the conditions under which a license can be reactivated and provides in relevant part:
(B) A licensee may reactivate a suspended license, within twelve months of the license suspension, upon submission of an application prescribed by the superintendent and the reactivation fee, as required by section4735.15 of the Revised Code, provided that:
2) If the suspension is for failure to timely submit continuing education pursuant to section 4735.141 of the Revised Code or post licensure education pursuant to sections 4735.07 and 4735.09 of the Revised Code, the licensee submits proof of completion of the required education.
(D) In any case, no license shall be reactivated if during the period of license inactivity or suspension, the superintendent determines the applicant is not of honest, truthful or good reputation, the applicant has been convicted of a felony, a crime involving moral turpitude, a violation of section 4735.18 of the Revised Code or of any municipal, state, or federal civil rights law, and the provisions of division (B) of section 4735.07 or division (F) of section 4735.09 of the Revised Code have not been satisfied.
 {¶ 29} Appellant argues the evidence presented by the division consisted of inadmissible hearsay, unsworn testimony and unverified documents. Specifically, appellant contends that the division did not provide admissible evidence of an actual order or suspension of his real estate license based on his failure to submit proof of continuing education credits "for the period ending March 15, 2003," and argues the division did not present evidence to establish he received notice of the suspension. (Appellant's Brief at 9.) He argues that the division's consideration of his attempted theft conviction violates the spirit of the expungement order. Appellant also argues that the division did not provide testimony to prove the authenticity of the citations from the City of Dayton, or explain why these citations were required to be listed on his reactivation application. Finally, appellant contends that the division could not offer a rational explanation regarding why case number 2001-000803 was still pending. As such, appellant claims the record does not support the commission's order, but rather supports his argument that he did not intentionally deceive the division by failing to disclose this information in his application.
 {¶ 30} The division asserts that pursuant to Ohio Adm. Code 1301:5-1-19, the commission's June 4, 2002 finding that appellant violated R.C. 4735.18
alone justified denial of his request to reactivate his license. Further, the division emphasizes that appellant failed to submit evidence that he timely completed his education requirements to the commission in accordance with R.C. 4735.141(C). Thus, the division argues that the commission acted within its authority to deny appellant's reactivation application.
 {¶ 31} We agree, and find that the trial court did not abuse its discretion in affirming the commission's decision to permanently revoke appellant's real estate salesperson license. Appellant failed to provide proof that he satisfied his continuing education requirements by March 15, 2002 in accordance with R.C. 4735.141(C), resulting in the automatic suspension of his license. Moreover, appellant failed to remit proof of completion of the continuing education by March 15, 2003, resulting in the automatic revocation of his license. In fact, appellant has never done so, either at the administrative level or at a later date. Thus, notwithstanding appellant's prior criminal convictions, pursuant to R.C.4735.141 and Ohio Adm. Code 1301:5-1-19, the commission had within its discretion the power to deny appellant's application to reactivate his real estate salesperson's license.
 {¶ 32} Based on the evidence presented at the hearing, specifically appellant's failure to provide proof he satisfied his continuing education requirements, we find the trial court did not abuse its discretion in determining that the commission's order is supported by reliable, probative, and substantial evidence and is in accordance with the law. Therefore, appellant's second assignment of error is overruled.
 {¶ 33} Accordingly, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., and Lazarus, J., concur.
[1] The record does not include a copy of the aforementioned complaints filed against appellant.
[2] R.C. 4735.18(A)(6) provides in relevant part: (A) [T]he Ohio real estate commission shall, * * * impose disciplinary sanctions upon any licensee who, whether or not acting in the licensee's capacity as a real estate broker or salesperson, or in handling the licensee's own property, is found to have been convicted of a felony or a crime of moral turpitude, and shall, * * *, impose disciplinary sanctions upon any licensee who, in the licensee's capacity as a real estate broker or salesperson, or in handling the licensee's own property, is found guilty of: (6) Dishonest or illegal dealing, gross negligence, incompetency, or misconduct. R.C. 4735.21 provides in relevant part: No real estate salesman or foreign real estate salesman shall collect any money in connection with any real estate or foreign real estate brokerage transaction, whether as a commission, deposit, payment, rental, or otherwise, except in the name of and with the consent of the licensed real estate broker or licensed foreign real estate dealer under whom he is licensed. Nor shall any real estate salesman or foreign real estate salesman commence or maintain any action for a commission or other compensation in connection with a real estate or foreign real estate brokerage transaction, against any person except a person licensed as a real estate broker or foreign real estate dealer under whom he is licensed as a salesman at the time the cause of action arose.
[3] See Montgomery County Court of Common Pleas Case no. 2000-CR-0706.
[4] See Dayton Municipal Court case numbers 99CRV08958, 02CRM13954 and 00CRM04513.