Hall, Judge,
dissenting:
{¶ 35} I agree with the disposition of the first assignment of error finding that the appellant pursued his administrative appeal below as an R.C. 2506.01 appeal rather than pursuant to R.C. 124.34. Therefore, he cannot now argue that the trial court should have considered his appeal under the standards applied to the latter section.
*90 {¶ 36} However, because I believe that the Dayton Civil Service Board had authority to rule on objections to admit or exclude evidence, and that the Dayton Civil Service Board reasonably and constitutionally admitted the reports of the appellant’s second positive cocaine drug test, the trial court was correct in affirming the Board’s decision that he be discharged from his position as a firefighter.
{¶ 37} The result of the majority’s opinion, which will require the Dayton Civil Service Board to adhere to the Ohio Rules of Evidence, is unnecessary and undesirable. Admittedly, Dayton Civil Service Board Rules and Regulations 14.5 states:
{¶ 38} “Procedure at hearings. A. The admission of evidence shall be governed by the rules applied by the Courts of Ohio in civil cases.”
{¶ 39} In an administrative setting, however, this rule need not, and should not, be construed as adopting the Ohio Rules of Evidence for hearings. A more reasonable interpretation is that the rule refers to the manner of presenting evidence and the general procedure for conducting a hearing. Otherwise, the words “in civil cases” are superfluous. Those words distinguish the procedure for the presentation of evidence at the civil-service level from the procedure applicable in criminal cases. The rules of evidence apply to both civil and criminal cases, so it is reasonable to infer that the words “in civil cases” were included to encompass the process for admitting evidence, not to require application of the rules of evidence themselves.
{¶ 40} Moreover, Section 5(D) of Civil Service Rule 14 specifically states that “[t]he Board or Hearing Officer conducting a hearing shall have full authority to control the procedure of the hearing, to admit or exclude testimony or other evidence, to rule upon all objections, and to take such other actions as are necessary and proper for the conduct of such hearing.” This specific language in Section 5(D) prevails over the introductory Section (5)(A) and grants the board plenary authority to determine the admissibility of evidence.
{¶ 41} A virtually identical rule appears in the decision of this court more than 20 years ago in Emmons v. Miamisburg (Mar. 27, 1989), Montgomery App. No. 11197, 1989 WL 33148. There, Section 11.1 of the Miamisburg Civil Service Rules and Regulations stated:
{¶ 42} “Appeal and Hearings: No legal rules of evidence shall be required and the Civil Service Commission shall determine the manner of conduct of such hearings.” (Emphasis added.)
{¶ 43} The next rule, Section 11.2, is identical to current Dayton Civil Service Board Rule 14, Section 5. It stated:
*91 {¶ 44} “Procedure at Hearings: The admission of evidence shall be governed by the rules applied by the Courts of Ohio in civil cases.” (Emphasis added.)
{¶ 45} This language from Section 11.2 of the Miamisburg Civil Service Rules and Regulations, which is of similar vintage to the Dayton rule, cannot possibly be construed to adopt the Ohio Rules of Evidence because the previous section (11.1) specifically excluded the “legal rules of evidence.” Likewise, Dayton Civil-Service Board Rule 14, Section 5(A), need not, and should not, be construed to apply the Ohio Rules of Evidence to Dayton civil-service hearings.
{¶ 46} Applicable rules, case law, and statutory procedure all support the notion that rules of evidence should not apply to a civil-service hearing. The Rules of Evidence explicitly state that they govern proceedings “in the courts of this state.” (Emphasis added.) Evid.R. 101(A). The Ohio Supreme Court has held that “Evid.R. 101(A) does not mention administrative agencies as forums to which the Rules of Evidence apply.” Orange City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision (1996), 74 Ohio St.3d 415, 417, 659 N.E.2d 1223. This court, too, has held that hearsay is admissible in administrative hearings as long as discretion to admit is not arbitrarily applied. Haley v. Ohio State Dental Bd. (1982), 7 Ohio App.3d 1, 6, 7 OBR 1, 453 N.E.2d 1262.
{¶ 47} Ohio administrative agencies are to determine what evidence is to be admitted in their proceedings. R.C. 119.09 states that “[t]he agency shall pass upon the admissibility of evidence.” “[Administrative agencies are not bound by the rules of evidence applied in courts.” Black v. Ohio State Bd. of Psychology, 160 Ohio App.3d 91, 2005-Ohio-1449, 825 N.E.2d 1192, at ¶ 17, citing Haley at 6. The Ohio Administrative Code, which promulgates rules for various administrative hearings, states: “The ‘Ohio Rules of Evidence’ may be taken into consideration by the board or its attorney hearing examiner in determining the admissibility of evidence, but shall not be controlling.” Ohio Adm.Code 4732-17-03(D)(10).
{¶ 48} Rules of evidence do not apply, statutorily, to workers’ compensation hearings. For example, R.C. 4123.10 provides: “The industrial commission shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure.” Similarly, the Ohio Rules of Evidence statutorily do not apply to unemployment-compensation hearings. In this regard, R.C. 4141.281(C)(2) provides that “[h]earing officers are not bound by common law or statutory rules of evidence or by technical or formal rules of procedure.” Such proceedings are no more or less significant than Dayton Civil Service Board hearings. And the foregoing statutory provisions express the concept recognized by this court in Haley, and others. See, e.g., Day Lay Egg Farm v. Union Cty. Bd. Of Revision (1989), 62 Ohio App.3d 555, 556, 577 N.E.2d 84 (recognizing that administrative agencies are not bound by rules of evidence). Furthermore, in *92 reviewing a decision of an administrative board, a common pleas court must give “due deference to the administrative resolution of evidentiary conflicts” and, therefore, must not substitute its judgment for that of the administrative agency. Hawkins v. Marion Corr. Inst (1990), 62 Ohio App.3d 863, 870, 577 N.E.2d 720.
(¶ 49} The Dayton Civil Service Board’s “Order on Appeal,” signed and entered August 21, 2008, is a reasoned and balanced decision as to why the board admitted the evidence presented about the appellant’s positive-drug-test results. The appellant’s underlying protection is that the hearing was required to comport with procedural and substantive due process. The “process” the appellant was due was the hearing before the Civil Service Board, of which he received notice and an opportunity to be heard. He introduced not a shred of evidence that his test results were inaccurate or unreliable. He presented nothing to the effect that he denied abusing cocaine, the possession of which, if not prescribed, is a felony. A separately preserved one-half of the tested urine sample was available to him for independent testing. Yet, upon hearing of the second positive drug report, rather than have his own confirmatory test, he checked himself into a drug-treatment facility. He refused the city’s request for his medical records, which may have corroborated the test results. Under these circumstances, the appellant was accorded due process.
{¶ 50} In addition to a strict legal analysis why the rules of evidence do not apply in administrative settings, there are numerous practical implications here: (1) this is an administrative proceeding in which strict rules of evidence should not apply, (2) administrative officials often are not legally trained or versed in the nuances of evidentiary rules, (3) at the administrative level, there is no burden or expense-shifting mechanism, such as a request for admissions, to require parties either to admit apparent facts or to bear the cost of proving them, (4) out-of-state test suppliers are routinely relied upon for accuracy in many walks of life, including medicine, and (5) nothing in the record suggests that Royse ever denied having a cocaine-abuse problem.
{¶ 51} The majority holding effectively reinstates a cocaine abuser as a firefighter. I dissent.