JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, North Coast Payphones, Inc. ("North Coast"), appeals the trial court's order affirming the decision of defendant-appellee, City of Cleveland Board of Zoning Appeals ("BZA" or the "Board"), to sustain the order of the Cleveland's Commissioner of Assessments and Licenses ("Commissioner"), which rejected forty-three of North Coast's applications for outdoor pay telephone permits.[1] North Coast asks this court to "reverse the findings of the lower court and the BZA." Finding no merit to the appeal, we affirm.
 {¶ 2} The apposite facts are as follows. In 2001, the City of Cleveland ("City") passed Ordinance No. 1989-01, which enacted Chapter 670B of the Cleveland Codified Ordinances ("C.C.O."), pertaining to the regulation of outdoor pay telephones ("payphones"). The ordinance requires, in pertinent part, that the owner of a payphone that is located in a public right-of-way must contract with the City and obtain a permit for installation of the payphone. North Coast contracted with the City, but the Commissioner investigated numerous citizen and council member complaints about the payphones. Based upon the findings of the investigation, the Commissioner notified North Coast that fifty-five of its payphones *Page 2 
were in violation of the City's payphone ordinance and ordered the company to remove the phones.[2] North Coast appealed the Commissioner's order to the BZA. The BZA set the matter for a public hearing at which the Board voted to sustain the decision of the Commissioner as to forty-three of the fifty-five payphones.[3] North Coast filed a notice of appeal with the common pleas court. The common pleas court affirmed the BZA's order, finding that the board's decision was "supported by the preponderance of substantial, reliable, and probative evidence." North Coast then filed its notice of appeal with this court.
 Standard of Review {¶ 3} In regard to a common pleas court's review of an order from any board of a political subdivision, R.C. 2506.04 provides that the common pleas court "may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." Dudukovich v. Lorain Metro. Hous.Auth. (1979), 58 Ohio St.2d 202, 207, 389 N.E.2d 1113. However, the trial court "should not substitute its judgment for that of an administrative board * * * unless the court finds that there is not a preponderance of reliable, probative and substantial evidence to support the board's decision." Kisil v. City of Sandusky *Page 3 
(1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848; On Point Prof. Body Artv. Cleveland, Cuyahoga App. No. 87572, 2006-Ohio-5728. In other words, the trial court is to presume that the board's determination is valid unless the party opposing the determination can demonstrate that it is invalid. Rotellini v. West Carrollton Bd. of Zoning Appeals (1989),64 Ohio App.3d 17, 21, 580 N.E.2d 500.
 {¶ 4} In Henley v. City of Youngstown Board of Zoning Appeals,90 Ohio St.3d 142, 2000-Ohio-493, 735 N.E.2d 433, the Ohio Supreme Court distinguished the standard of review to be applied by common pleas courts and appellate courts in R.C. Chapter 2506 administrative appeals. The Court stated:
 "The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. * * *
 The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is "more limited in scope." Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 465 N.E.2d 848, 852. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Id. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Lorain City School Dist Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264, 267." Id. at 147. *Page 4 
 {¶ 5} Thus, this court will only review the judgment of the trial court to determine if the lower court abused its discretion in finding that the administrative order was supported by reliable, probative, and substantial evidence. See Wolstein v. Pepper Pike City Council,156 Ohio App.3d 20, 804 N.E. 2d 75, 2004-Ohio-361. It is based on this standard that we review the assignments of error.
 Record Before the Common Pleas Court {¶ 6} In the instant appeal, North Coast raises four assignments of error for our review. In the first assignment of error, North Coast argues that the lower court erred in considering all of the documents submitted by the BZA to the court.
 {¶ 7} R.C. 2506.02 provides that within forty days of the filing of a notice of appeal with a trial court, the officer or body from which the appeal is taken must prepare and file in the trial court "a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision." Id.
 {¶ 8} North Coast claims that the City improperly sent the entire BZA file to the trial court for review. North Coast argues that only two exhibits were entered into evidence at the BZA hearing, but more than fifty documents and photos were made part of the trial court record. North Coast claims that this action was improper because North Coast had no opportunity to refute or challenge any of the additional documentation at the initial hearing and because the trial court should not have seen or relied on that information. *Page 5 
 {¶ 9} As an initial matter, we note that North Coast filed an objection to the record in the trial court, which therefore preserved this issue for our review. The trial court did not rule on the objection, however, so we will assume the lower court has overruled the objection.
 {¶ 10} As North Coast notes, the City did not formally introduce any exhibits at the hearing. The traditional rules of evidence are relaxed in administrative hearings. Haley v. Ohio State Dental Bd. (1982),7 Ohio App.3d 1, 453 N.E.2d 1262. North Coast argues that it was unable to refute any of the documents, but it makes no claim that it did not possess copies of the documents at the time of the hearing nor that the BZA filed documents that were not "taken into consideration."
 {¶ 11} From our review of the transcript, we find few instances of formal introduction of any of the disputed documents or photos. The transcript indicates that the BZA was looking at the inspection reports and accompanying photos during the testimony as the board and witnesses repeatedly referred to the inspection reports and photos throughout the hearing. Although it may have been preferable for the hearing to have proceeded like the customary civil trial, we find no requirement that the hearing proceed as such. The statute required the BZA to file "a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration" in rendering its final order. R.C. 2506.02. Thus, the board was required to submit all the documents which it considered in reaching its decision. *Page 6 
 {¶ 12} We find that the trial court did not err in considering the documents submitted by the BZA. The first assignment of error is overruled.
 Lower Court's Abuse of Discretion {¶ 13} In the second assignment of error, North Coast argues that the lower court abused its discretion in affirming the decision of BZA that the City acted properly in rejecting North Coast's permit applications.
 {¶ 14} North Coast is essentially asking this court to thoroughly review the evidence presented at the BZA hearing and to substitute our judgment for the BZA. It makes no argument demonstrating the trial court's error.
 {¶ 15} Our review is limited in scope and does not include the same extensive power to weigh the evidence as is granted to the common pleas court. Henley, supra at 147, citing K/s/7 v. Sandusky (1984),12 Ohio St.3d 30 at fn. 4. Because our review is limited to reviewing the trial court's decision and not reviewing the evidence presented to the BZA, we overrule the second assignment of error.
 Due Process Violation and Bias {¶ 16} In the third assignment of error, North Coast argues that the trial court abused its discretion when it failed to find that North Coast was denied due process when the BZA limited witness testimony. In the fourth assignment of error, North Coast argues that the lower court erred in failing to find that the BZA acted with bias. *Page 7 
 {¶ 17} In Sohn v. Bd. of Edn. of Warrensville hits. School Dist.
(1974), 39 Ohio Misc. 108, 111, 315 N.E.2d 848, citing 2 American Jurisprudence 2d 166, Administrative Law, Section 353, we stated:
 "In administrative proceedings of a judicial or quasi-judicial character, the liberty and property of the citizen must be protected by the observance of the rudimentary requirements of fair play. Whether a person has been deprived of due process of law by the action of an administrative agency depends upon whether it acted contrary to the statutes and rules and with arbitrary and unreasonable discrimination."
 {¶ 18} North Coast first claims that it was denied due process because it was not allowed to fully set forth its arguments on each permit application due to the time constraints set at the hearing.
 {¶ 19} R.C. 2506.03 states, in pertinent part, that the trial court "shall be confined to the transcript [as] filed * * * unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
 (1) [t]he transcript does not contain a report of all evidence admitted or proffered by the appellant.
 (2) [t]he appellant was not permitted to appear and be heard in person, or by the appellant's attorney, in opposition to the final order, adjudication, or decision, and to do any of the following:
 (a) Present the appellant's position, arguments, and contentions;
 (b) Offer and examine witnesses and present evidence in support; *Page 7 
 (c) Cross-examine witnesses purporting to refute the appellant's position, arguments, and contentions;
 (d) Offer evidence to refute evidence and testimony offered in opposition to the appellant's position, arguments, and contentions;
 (e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from."
 {¶ 20} Before any deficiencies listed in R.C. 2506.03 may be cured at the common pleas level, the statute specifically requires that said deficiencies must either appear on the face of the transcript or be brought to the attention of the court by affidavit. Schoell v.Sheboy (1973), 34 Ohio App.2d 168, 172, 296 N.E.2d 842.
 {¶ 21} First, we note that North Coast fails to cite any authority for its proposition that it must be allowed a certain amount of time to argue before the BZA. In its brief, North Coast sets forth that evidence which it would have offered had it been allowed to fully place its arguments on the record during the hearing. However, we note that no proffer was made regarding that testimony at the hearing; therefore, we are unable to consider those arguments on appeal. Moreover, the record indicates that the BZA placed the three-minute time limit on witnesses for both sides and repeatedly allowed witnesses to exceed the time limit. Finally, a review of the portions of the transcript transmitted in the instant appeal reveals that North Coast never objected to the time limit during the hearing related to the instant case.[4] Since it is not apparent from the face of the transcript that the BZA prevented North Coast *Page 8 
from presenting its arguments and evidence, and North Coast did not file an affidavit with the trial court in support of its position, the trial court was limited to the transcript filed by the BZA.
 {¶ 22} Secondly, North Coast argues that the lower court erred when it failed to find that the BZA acted with bias.
 {¶ 23} Although due process entitles an individual in an administrative proceeding to a fair hearing before an impartial tribunal, a substantial showing of personal bias is required to disqualify a hearing officer or to obtain a ruling that the hearing is unfair. Staschak v. State Med. Bd. of Ohio, Franklin App. No. 03AP-799,2004-Ohio-4650, citing St. Anthony Hosp. v. U.S. Dept. of Health HumanServ. (C.A. 10, 2002), 309 F.3d 680, 711; see also Broadway Video v.Cleveland Bd. of Zoning Appeals (June 12, 1997), Cuyahoga App. No. 71184 (holding that "there must be evidence of bias or prejudice in the manner in which an administrative hearing is conducted in order to support a denial of due process"). The party alleging a disqualifying interest bears the burden of demonstrating that interest to a reviewing court.Ohio State Bd. of Pharmacy v. Poppe (1988), 48 Ohio App.3d 222, 229,549 N.E.2d 541.
 {¶ 24} In support of its argument, North Coast cites a portion of the transcript that is not part of the record in the instant case. That transcript page is in the record of one of the aforementioned companion cases; however, it is insufficient for North *Page 9 
Coast to merely cite to a portion of the transcript that was submitted in another appeal.
 {¶ 25} North Coast complains in its brief that the BZA failed to file germane portions of the transcript, but North Coast failed to file an affidavit with the trial court to supplement the record. If North Coast wanted the trial court to consider a portion of the transcript not filed by the BZA, it was incumbent upon North Coast to do more than merely attach an unidentified transcript page as an exhibit.
 {¶ 26} Moreover, North Coast filed no affidavit of deficiency with the trial court nor do we perceive any deficiency on the face of the transcript. North Coast has not demonstrated that the additional transcript should have been added to the record pursuant to any of the reasons set forth in R.C. 2506.03, nor did North Coast file an affidavit illustrating this point. Thus, we find that the trial court correctly limited its review of the propriety of the administrative body's ruling to the transcript filed with the appeal below.
 {¶ 27} There is nothing in the limited record before us which convinces us that North Coast's administrative hearing was conducted unfairly. We have reviewed the transcript of the administrative hearing and find no discernable bias or prejudice on the part of the BZA.
 {¶ 28} Therefore, the third and fourth assignments of error are overruled.
Because North Coast has failed to show that the trial court abused its discretion in its review of the BZA decision, the judgment is affirmed. *Page 10 
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J. and MELODY J. STEWART, J., CONCUR
[1] North Coast has filed two other appeals relating to the rejection of its pay telephone permits and the City has filed one related appeal.North Coast Payphones, Inc. v. Cleveland, Cuyahoga App. No. 88190,North Coast Payphones, Inc. v. Cleveland, Cuyahoga App. No. 88244,North Coast Payphones, Inc. v. Cleveland, Cuyahoga App. No. 88324.
[2] It appears from the record that most, if not all, of the rejected permits were for already existing payphones.
[3] The number of rejected permits was redued from fifty-five to forty-three because the Commissioner's original order listed duplicates and North Coast withdrew its appeal as to five of the rejected permits.
[4] Although we note that North Coast repeatedly objected to the time limit in other portions of the transcript, those portions of the transcript are not a part of the record in the instant case. *Page 1