JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Frank Bemak ("Bemak"), appeals the trial court's order affirming the decision of defendant-appellee, Director, Ohio Department of Job and Family Services ("ODJFS"), denying unemployment benefits to Bemak on the basis that he was discharged from his employment for just cause. Bemak asks this court to reverse the findings of the lower court and ODJFS and either order benefits reinstated or remand the matter for an administrative rehearing. Finding no merit to the appeal, we affirm.
 {¶ 2} Bemak worked for defendant-appellee, Lutheran Hospital, Inc. ("Lutheran"), as a phlebotomist from January 2003 until he was discharged in December 2004. He filed a claim for unemployment benefits with ODJFS, which ODJFS initially granted, and Lutheran appealed. ODJFS affirmed its initial decision and Lutheran appealed again. In July 2005, the Unemployment Compensation Review Commission ("Commission") held a hearing, at which Bemak appeared without counsel. A few weeks later, the Commission issued a formal decision that reversed the award of benefits and denied Bemak's claim on the basis that he was discharged from Lutheran for just cause. The Commission reasoned:
 "Claimant was discharged by Lutheran Hospital for excessive absenteeism after receiving progressive discipline. Claimant was absent ten days in 2003, and an additional ten days in [2004]. Claimant contends that most of his absenteeism was the result of his own migraine headaches or having to go to court for his daughter. Claimant, however, presented no evidence to indicate when he was in court and failed to return FMLA paperwork for his absences after being given the opportunity to do so. Claimant was discharged for just cause in connection with work." *Page 4 
 {¶ 3} Bemak filed a request for a review of that decision, arguing that his attorney did not know about the hearing. The request was denied. Bemak then appealed to the Cuyahoga County Common Pleas Court, seeking reversal of the decision that denied his claim for unemployment benefits. The trial court affirmed the finding of the Commission, determining it to be "based on competent and credible evidence and not unlawful, unreasonable, or against the manifest weight of the evidence."
 {¶ 4} Bemak appeals, raising three assignments of error for our review.
 {¶ 5} R.C. 4141.282 governs the standard of review for decisions by the Commission. Pursuant to subsection (H), the common pleas court shall reverse the Commission's decision only if it finds "that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence." Appellate courts are to apply the same standard of review as the trial court. Tzangas, Plakas Mannos v. Ohio Bur ofEmp. Serv., 73 Ohio St. 3d 694, 697, 1995-Ohio-206, 653 N.E.2d 1207. Appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, but they do have the duty to determine whether the Commission's decision is supported by the evidence in the record. Id. at 696, citing Irvine v. Unemployment Comp. Bd. ofReview (1985), 19 Ohio St.3d 15, 18, 482 N.E.2d 587.
 {¶ 6} In his first assignment of error, Bemak argues that he is entitled to benefits because the grounds for his termination are against public policy and both *Page 5 
the Commission and the trial court failed to address the issue. Bemak claims that the "key issue" was whether his employment was terminated because he had to appear in juvenile court. He cites R.C. 2151.211, which states in part that "no employer shall discharge or terminate from employment, threaten to discharge or terminate from employment, or otherwise punish or penalize any employee because of time lost from regular employment as a result of the employee's attendance at any proceeding pursuant to a subpoena * * * ." Bemak claims that his employer punished him for attending juvenile court proceedings and this action was against the law and public policy.
 {¶ 7} Bemak provided no evidence that he was ever under subpoena to appear in juvenile court. He failed to submit any subpoenas or other evidence to the Commission to prove that his absenteeism was directly related to his court appearances pursuant to a subpoena as specified in R.C. 2151.211. Although he argues that his attorney was in possession of the court papers, we note that Bemak appeared at the hearing after it had already begun and never requested a continuance nor otherwise made the parties aware that he wished for his attorney to be present. No attorney had filed a notice of appearance in the case as the Commission's rules required. Therefore, we find no error in the Commission's or the trial court's decision not to formally address this issue.
 {¶ 8} The first assignment of error is overruled.[1] *Page 6 
 {¶ 9} In the second assignment of error, Bemak argues that he is entitled to a new administrative hearing because the administrative record is defective "due to missing exhibits and inaudible portions of the hearing's tape recording." He claims that the administrative record is deficient because a letter is missing from the file, parts of the transcript were not transcribed because the recording device was inaudible, and the transcriptionist used ellipses when the transcript was inaudible.
 {¶ 10} R.C. 2506.03 states, in pertinent part, that the trial court "shall be confined to the transcript [as] filed * * * unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
 (1) [t]he transcript does not contain a report of all evidence admitted or proffered by the appellant.
 (2) [t]he appellant was not permitted to appear and be heard in person, or by the appellant's attorney, in opposition to the final order, adjudication, or decision, and to do any of the following:
 (a) Present the appellant's position, arguments, and contentions;
 (b) Offer and examine witnesses and present evidence in support;
 (c) Cross-examine witnesses purporting to refute the appellant's position, arguments, and contentions;
 (d) Offer evidence to refute evidence and testimony offered in opposition to the appellant's position, arguments, and contentions;
 (e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from." *Page 7 
 {¶ 11} Before any deficiencies listed in R.C.2506.03 may be cured at the common pleas level, the statute specifically requires that said deficiencies must either appear on the face of the transcript or be brought to the attention of the court by affidavit. Schoell v. Sheboy (1973), 34 Ohio App.2d 168, 172, 296 N.E.2d 842.
 {¶ 12} Bemak argues that a letter containing the dates of his juvenile court appearances was missing from the administrative record. However, a reviewing court cannot rule upon the exclusion of evidence unless the evidence was made part of the record by proffer. Gregg v. SBCAmeritech, Franklin App. No. 03AP-429, 2004-Ohio-1061. Bemak never requested that the letter be made part of the file; therefore, he waives his right to challenge the letter on appeal.
 {¶ 13} We also find no merit to Bemak's argument that the inaudible portions of the transcript render the administrative file incomplete. Bemak filed no affidavit of deficiency with the trial court nor do we perceive any material deficiency on the face of the transcript.
 {¶ 14} Bemak has not demonstrated that anything should have been added to the record pursuant to any of the reasons set forth in R.C. 2506.03, nor did Bemak file an affidavit illustrating this point. Thus, we find that the trial court correctly limited its review of the propriety of the administrative body's ruling to the record filed with the appeal below. See North Coast Payphones, Inc. v. Cleveland, Cuyahoga App. No. 88090, 2007-Ohio-6814.
 {¶ 15} Therefore, the second assignment of error is overruled. *Page 8 
 {¶ 16} In the third assignment of error, Bemak argues that the hearing officer incorrectly considered reasons other than the "actual reason" give for his termination. Bemak claims that the hearing officer, in determining whether there was just cause for his discharge, considered evidence regarding an argument he had with another employee and an alleged act of sexual harassment.
 {¶ 17} First, Bemak provides no evidence other than his unsupported accusations that the hearing officer considered anything other than his unexcused absences as the "actual reason" that he was discharged. In fact, there was no testimony during the hearing regarding the alleged act of sexual harassment. Although there was testimony regarding the argument between Bemak and another employee, the testimony was only in response to questions regarding why Bemak was disciplined the first time.
 {¶ 18} The evidence in the record showed that Bemak was progressively disciplined in accordance with Lutheran's policy. Although he may have been disciplined the first time for unprofessional conduct, he was terminated for excessive absenteeism. The Commission correctly held that absenteeism was the final disciplinary infraction that resulted in his discharge under Lutheran's progressive discipline policy.
 {¶ 19} Therefore, the third assignment of error is overruled.
 {¶ 20} Accordingly, judgment is affirmed.
 It is ordered that appellees recover of appellant costs herein taxed. *Page 9 
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] Within this assignment of error, Bemak also mentions "missing" exhibits, which will be discussed under the second assignment of error. *Page 1